DECISION AND JOURNAL ENTRY
{¶ 1} Defendants-Appellants, Medina County Board of Commissioners and Medina County Department of Job and Family Services (collectively "the County"), appeal the denial of their motion to dismiss an action filed by Plaintiffs-Appellees, Tina Stevenson and Virginia Stevenson (collectively "Stevenson") in the Medina County Court of Common Pleas. We affirm.
 I {¶ 2} On July 17, 2006, Stevenson filed a complaint against the County and others. The complaint was amended on September 19, 2006. The complaint alleged various claims against the County for conduct related to the care of Tina Stevenson and for loss of consortium by Virginia Stevenson. On November 6, 2006, the County filed a motion to dismiss Stevenson's claims based on Civ.R. 12(B)(6), which the trial court denied on January 8, 2007 ("Judgment Entry"). *Page 2 
 {¶ 3} On January 19, 2007, the County appealed the Judgment Entry. This Court dismissed the appeal on February 20, 2007, for lack of a final appealable order. The County appealed our dismissal to the Supreme Court of Ohio. On October 10, 2007, the Supreme Court reversed our dismissal on the authority of Hubbell v. City of Xenia,115 Ohio St.3d 77, 2007-Ohio-4839, and remanded the matter to this Court to conduct a de novo review. The County's appeal was reinstated.
 {¶ 4} The County raises one assignment of error for our review.
 II Assignment of Error "THE LOWER COURT ERRED IN DENYING THE [COUNTY'S] UNOPPOSED MOTION TO DISMISS BECAUSE THEY ARE IMMUNE AND [STEVENSON] FAILED TO ESTABLISH A RELEVANT EXCEPTION TO THEIR IMMUNITY."
 {¶ 5} The County asserts that the trial court improperly denied their motion to dismiss because the complaint set forth no set of facts under which Stevenson could prevail. Specifically, the County argues that the trial court erred in sua sponte finding an exception to the County's immunity under R.C. 2744.02(B)(2). The County maintains that the Judgment Entry was erroneous because: (1) the complaint did not allege that the County was involved in a proprietary function as required to trigger an exception under R.C. 2744.02(B)(2); (2) the complaint only alleged wanton and reckless conduct by the County, not negligent conduct, as is required to trigger the exception to immunity under R.C.2744.02(B)(2); (3) the complaint's legal conclusions, rather than factual allegations, were insufficient to survive the motion to dismiss; and (4) there is a statutory presumption of immunity and policy considerations support that presumption. The County also asserts that because a loss of consortium claim is derivative of the other claims and if the other claims should be dismissed, the loss of consortium claim is barred *Page 3 
as a matter of law. Stevenson did not file an appellate brief. As such, we may accept the County's facts and issues of the case as correct and reverse the judgment if the County's brief reasonably appears to sustain such action. See App.R. 18(C).
 {¶ 6} This Court reviews de novo a trial court's decision to grant a motion to dismiss. Niepsuj v. Summa Health Sys., 9th Dist. Nos. 21557, 21559, 2004-Ohio-115, at ¶ 5. A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6) only if it appears beyond a doubt that the petitioner can prove no set of facts which would entitle him to relief.Garvey v. Clevidence, 9th Dist. No. 22143, 2004-Ohio-6536, at ¶ 11. In considering a Civ.R. 12(B)(6) motion to dismiss, the trial court must review only the complaint, accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party. Id.
 {¶ 7} As an initial matter, we note that the County asserts and the trial court found that the County is a political subdivision entitled to the protection of Chapter 2744 of the Ohio Revised Code. We agree that the County is a political subdivision as that term is used in R.C.2744.01(F).
 {¶ 8} Pursuant to R.C. 2744.02(A)(1), a political subdivision is not liable for an injury caused by any act or omission, unless there is an exception as set forth in R.C. 2744.02(B). Manning v. Avon Lake, 9th Dist. No. 06CA008958, 2008-Ohio-1000, at ¶ 19. The subsection of R.C.2744.02(B) relevant to this matter states:
 "(2) Except as otherwise provided ***, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." R.C. 2744.02(B)(2).
 {¶ 9} The Judgment Entry acknowledges the general rule set forth in R.C. 2744.02(A) and that R.C. 2744.02(B)(2) provides an exception to the general rule of immunity where the *Page 4 
political subdivision is performing a proprietary function. The trial court denied the County's motion to dismiss based on its inability to determine whether the complaint pled that County was acting in a proprietary or governmental function. The Judgment Entry references the definitions of both governmental function and proprietary function set forth in R.C. 2744.01 and states:
 "Although this Court may suspect that [the County was] engaged in a `governmental function' at the time of the acts alleged in the Plaintiffs' complaint, it cannot tell that from the facts set forth in the Plaintiffs' complaint. That being the case, this Court finds that it cannot determine whether there is immunity for [the County] for the acts alleged in the complaint. Therefore, this Court believes that it must deny the motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6)."
 {¶ 10} R.C. 2744.01(C)(2) defines a "governmental function" as follows:
 "(2) A `governmental function' includes, but is not limited to, the following:
 "* * *
 "(m) The operation of a job and family services department or agency, including, but not limited to, the provision of assistance to aged and infirm persons and to persons who are indigent;
 "(n) The operation of a health board, department, or agency[;]
 "(o) The operation of mental health facilities, mental retardation or developmental disabilities facilities, alcohol treatment and control centers, and children's homes or agencies[.]"
 {¶ 11} R.C. 2744.01(G)(2) defines a "proprietary function" as:
 "(2) A `proprietary function' includes, but is not limited to, the following:
 "(a) The operation of a hospital by one or more political subdivisions[.]"
Proprietary functions and governmental functions are mutually exclusive.Greene Cty. Agricultural Soc. v. Liming (2000), 89 Ohio St.3d 551, 557. Thus, we must review the allegations set forth in the complaint to determine the nature of the function at issue.
 {¶ 12} Stevenson's complaint makes the following allegations against the County: *Page 5 
 "Count One
 "3. Defendant Medina County Board of Mental Retardation and Developmental Disabilities (`MRDD') is a county agency which at all times herein contracted for services, or provided services, [sic] Tina Stevenson.
 "4. Defendant Medina County Board of Commissioners is the political subdivision responsible for Defendant Medina County Department of Jobs and Family Services (`MCDJFS').
 "5. At all times herein MCDJFS contracted for services, or provided services, for Tina Stevenson.
 "***
 "7. Each Defendant had a duty to provide safe and humane care for Tina.
 "8. Each Defendant, within two years prior to the filing of this Complaint each negligently cared for Tina Stevenson, or, in the case of Defendants MRDD and MCDJFS exercised judgment or discretion in bad faith or in a wanton or reckless manner.
 "***
 "10. Defendant MDRR [sic] and Defendant MCDJFS each, in bad faith, or in a wanton or reckless manner, failed to provide reasonable care to Tina Stevenson, failed to implement an adequate behavior plan, failed to chose [sic] qualified/competent contractors to care for Tina, and failed to supervise the contractors which were caring for Tina.
 "***
 "12. As a result or proximate cause of each Defendant's negligent or reckless disregard, Tina Stevenson has suffered mistreatment, severe emotional distress, pain and suffering[.]
 "Count Two
 ***
 "15. Tina's rights under the Nursing Home Bill of Rights Statute, R.C. 3721.10 were violated by each Defendant, and as a result Tina suffered emotional distress and pain and suffering[.]
 "Count Three *Page 6 
 "17. Each Defendant's acts or omissions as stated herein constituted the negligent or intentional infliction of emotional distress upon Tina, as a result or proximate cause of which Tina suffered emotional distress and pain and suffering[.]
 "Count Four
 "19. As the mother of Tina Stevenson, Virginia Stevenson was a daily witness to her daughter's mistreatment by each Defendant, and as a result or proximate [sic] thereof, Virginia suffered severe emotional distress and attorney fees[.]"
 {¶ 13} We agree with the trial court that the bare allegations of the complaint make it difficult to determine the nature of the County's function with regard to Tina Stevenson. Thus, as the Supreme Court noted in Greene Cty., where the activities do not fall within either R.C.2744.01(C)(2) or 2744.01(G)(2), "we look to R.C. 2744.01(C)(1)'s definition of `governmental function,' [and] *** R.C. 2744.01(G)(1)(b), which for our inquiry here defines a `proprietary function' as a function that `promotes or preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons.'" Greene Cty., 89 Ohio St.3d at 557.
 {¶ 14} R.C. 2744.01(C)(1) states:
 "(C)(1) `Governmental function' means a function of a political subdivision that is specified in division (C)(2) of this section or that satisfies any of the following:
 "(a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;
 "(b) A function that is for the common good of all citizens of the state;
 "(c) A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function." *Page 7 
 {¶ 15} However, unlike in Greene Cty., the general definitions of "proprietary" and "governmental" functions do not help us determine in what capacity the County was functioning with regard to Tina Stevenson. Other than a reference to the Nursing Home Bill of Rights Statute, we have no idea of the type of facility in which Tina Stevenson resided. Nor do we know from the allegations of the complaint, Tina Stevenson's condition, the nature of care being given to her, and the role of the County vis-à-vis the other Defendants in providing that care. We agree with the trial court and "suspect" that the County was engaged in a governmental function; however, it is not apparent from the allegations of the complaint.
 {¶ 16} Moreover, we disagree with the County's argument that even were it engaged in a proprietary function, the Stevenson complaint must fail because Stevenson did not allege negligence against the County so as to trigger the exception to immunity set forth in R.C. 2744.02(B)(2). Paragraphs 8 and 12 both assert that the County acted negligently, although we agree that the wording of paragraph 8 is awkward.
 {¶ 17} Based on the foregoing, and the fact that a trial court can only consider the complaint, accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party, we hold that the trial court properly denied the County's motion to dismiss. See Garvey at ¶ 11.
 {¶ 18} The County's sole assignment of error is overruled.
 III {¶ 19} The County's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 8 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
 MOORE, P. J., DICKINSON, J., CONCUR. *Page 1