DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Everett Watson sued the City of Akron and the Akron Police Department for libel stemming from his belief that someone from the police department has been telling people in various states around the nation that he is a hit man. According to Mr. Watson, these false statements have led to multiple attacks on his person and property that have caused him to have to move from state to state. The City moved for dismissal under Rule 12(B)(6) of the Ohio Rules of Civil Procedure, and Mr. Watson moved for summary judgment. The trial court denied Mr. Watson's motion for summary judgment and dismissed the claims against the police department because it is not a legal entity capable of being sued independently. The trial court dismissed the claims against the City based on immunity under Chapter 2744 of the Ohio Revised Code. This Court affirms because, accepting all of his allegations as true, it appears beyond a doubt that Mr. Watson can prove no set of facts that would entitle him to relief. *Page 2 
 FACTS {¶ 2} Everett Watson, acting pro se, sued the City of Akron and the Akron Police Department for libel. He claimed that he had suffered damages arising from the Akron Police Department having "informally charged" him with several murders. According to Mr. Watson, he once lived in Akron, but had been living in California for years when he began to hear rumors that he was suspected of being a hit man named "Shaky." Although he did not at first realize the source of the information, he later became convinced the rumors came from someone at the Akron Police Department.
 {¶ 3} According to Mr. Watson, police officers or agents were spreading these rumors about him despite being aware that the real murderers of each alleged victim had been convicted. Mr. Watson claims that, due to the actions of the police department, he was periodically harassed and attacked. According to him, this caused him to have to move many times, resulting in twenty years of lost wages. He sought $600,000 in damages.
 {¶ 4} Instead of answering the complaint, the City of Akron responded with a motion under Rule 12(B)(6) of the Ohio Rules of Civil Procedure, arguing that Mr. Watson had failed to state a claim upon which relief could be granted. The City argued that the Akron Police Department cannot sue or be sued because it is not an independent legal entity. The City also argued that it is immune from liability under Section 2744.01
et seq. of the Ohio Revised Code.
 {¶ 5} Before the trial court ruled on the City's motion to dismiss, Mr. Watson filed a motion for summary judgment. He argued that the City was estopped from claiming immunity and that immunity was not applicable because the employees' actions were manifestly outside the scope of their employment and carried out with a malicious purpose. The City sought leave to respond and argued that Mr. Watson had failed to meet his initial burden to set forth *Page 3 
admissible evidence under Rule 56(C) of the Ohio Rules of Civil Procedure. The City also reiterated the immunity arguments presented in its motion to dismiss.
 {¶ 6} The trial court denied Mr. Watson summary judgment, and dismissed his claims against the City based on political subdivision tort immunity. It also held that the Akron Police Department is not a legal entity subject to suit and the City of Akron is the real party in interest on each of Mr. Watson's claims.
 {¶ 7} Mr. Watson has appealed, raising five assignments of error, some of which appear in substance to be the same. He has argued that the trial court incorrectly denied his motion for summary judgment and incorrectly dismissed his claims against the City because: (1) the trial court incorrectly determined that he had failed to provide evidence on each element of his claim; (2) the City had admitted its liability by claiming immunity so he should not have been required to prove his claims in order to win on summary judgment; and (3) sovereign immunity does not apply.
 {¶ 8} Mr. Watson has not assigned as error the trial court's ruling that the City was the real party in interest on each of his claims. Therefore, this Court will consider only the trial court's ruling on Mr. Watson's summary judgment motion and its dismissal of his claims.
 {¶ 9} During the pendency of this appeal, Mr. Watson filed a document titled "Memorandum of law," requesting this Court to provide him with "the name or names of the informants in the Elmer Starks killing and the Steve Henderson murder!" A motion that is not filed pursuant to a specific rule of criminal procedure "must be categorized by [the] court in order for the court to know the criteria by which the motion should be judged." State v. Bush, 96 Ohio St. 3d 235, 2002-Ohio-3993, at ¶ 10. Therefore, this Court will treat this request as a *Page 4 
motion for release of evidence. This Court is not aware of any evidence in the record on appeal that matches the description given in Mr. Watson's motion. Therefore, the motion is denied.
 SUMMARY JUDGMENT {¶ 10} Mr. Watson has argued that because the City raised the issue of immunity, he "no longer had to meet the burden of proof . . . in this case." Mr. Watson has incorrectly equated the affirmative defense of political subdivision immunity with "a confession." Rule 56(C) of the Ohio Rules of Civil Procedure provides that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mr. Watson did not support his motion with any evidence of a type described in Rule 56(C) of the Ohio Rules of Civil Procedure, and he failed to show that he was entitled to judgment as a matter of law. To the extent that Mr. Watson's assignments of error are addressed to the trial court's denial of his motion for summary judgment, they are overruled.
 MOTION TO DISMISS UNDER CIVIL RULE 12(B)(6) {¶ 11} Mr. Watson has argued that the trial court improperly dismissed his lawsuit because immunity was not established. "This Court reviews de novo a trial court's decision to grant a motion to dismiss."Stevenson v. ABM Inc., 9th Dist. No. 07CA0009-M, 2008-Ohio-3214, at ¶ 6. A Rule 12(B)(6) motion is granted "only if it appears beyond a doubt that the [party] can prove no set of facts which would entitle him to relief." Id. "In considering a Civ. R. 12(B)(6) motion to dismiss, the trial court must review only the complaint, accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party." Id. *Page 5 
 {¶ 12} The trial court based its decision on political subdivision tort immunity. Chapter 2744 of the Ohio Revised Code grants immunity to political subdivisions for injuries caused by any act or omission unless an exception applies. R.C. 2744.02(A)(1). The City of Akron is a political subdivision under Chapter 2744. R.C. 2744.01(F). The exceptions to political subdivision immunity include, in general terms: (1) the negligent operation of a motor vehicle; (2) the negligent performance of proprietary functions; (3) the negligent failure to maintain public roads; (4) negligence on the grounds of a public building; and (5) liability that is expressly imposed by statute. R.C. 2744.02(B)(1)-(5). Mr. Watson's allegations do not appear to fall into any of the statutory exceptions to immunity. In fact, Mr. Watson admitted that "[t]he five exceptions [to political subdivision immunity] do not apply to the case."
 {¶ 13} Mr. Watson has argued instead that Sections 2744.03(A)(6)(a) and (b) apply. He has claimed the tortious actions of unknown agents of the Akron Police Department were "manifestly outside the scope of the employee's employment or official responsibilities" and were committed "with malicious purpose, in bad faith, or in a wanton or reckless manner." Section 2744.03(A)(6), however, does not provide Mr. Watson a path to liability against the City of Akron as it applies only to employees of political subdivisions. Mr. Watson has not named any employees of the City of Akron as defendants in this action, so these exceptions are not applicable to his claims.
 {¶ 14} This Court cannot conceive of a set of facts that could sustain a claim of liability against the City based on Mr. Watson's allegations. "[T]he common law tort of defamation is generally considered an intentional tort, . . . [but] . . . defamation can arise from negligent conduct." Aronson v. City of Akron, 9th Dist. No. 19816, 2001 WL 326875
at *5 (Apr. 4, 2001). Mr. Watson, however, has not alleged negligence on the part of the City or its employees. He *Page 6 
has alleged that unnamed employees of the Akron Police Department intentionally lied about him with knowledge that he did not commit the crimes. In Ohio, a political subdivision may not be held liable for intentional torts unless "liability is expressly imposed upon the political subdivision by a section of the Revised Code." R.C. 2744.02(B)(5); see Cramer v. Auglaize Acres, 113 Ohio St. 3d 266,2007-Ohio-1946, at ¶ 19 (noting that, unlike R.C. 2744.02(B)(1)-(4), R.C. 2744.02(B)(5) is not limited to negligent acts).
 {¶ 15} Mr. Watson is acting pro se. Although the law allows for the liberal construction of pleadings and motions filed pro se, "a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound." Sherlock v. Myers, 9th Dist. No. 22071, 2004-Ohio-5178, at ¶ 3 (citing Kilroy v. B.H. LakeshoreCo., 111 Ohio App. 3d 357, 363 (1996)). Thus, a pro se litigant is held to the same standard as a party who is represented by counsel.Id. This Court has repeatedly held that "[i]t is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." E.g., State v. Ashby, 9th Dist. No. 06CA0077-M,2007-Ohio-3118, at ¶ 26 (quoting State v. Taylor, 9th Dist. No. 2783-M,1999 WL 61619 at *3 (Feb. 9, 1999)). Mr. Watson has not argued that any of the five exceptions to immunity apply to allow him to hold the City of Akron liable on the facts alleged.
 {¶ 16} The face of Mr. Watson's complaint reveals that he can prove no set of facts that would entitle him to relief. Therefore, the trial court correctly dismissed his claims against the City of Akron. To the extent that Mr. Watson's assignments of error are addressed to the trial court's dismissal of his claims against the City, they are overruled. *Page 7 
 CONCLUSION {¶ 17} The trial court correctly dismissed Mr. Watson's claims against the City of Akron because, accepting all of Mr. Watson's allegations as true for purposes of considering the Rule 12(B)(6) motion to dismiss, it appears beyond a doubt that he can prove no set of facts that would entitle him to relief. The trial court correctly denied Mr. Watson's motion for summary judgment. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 CARR, P. J. SLABY, J. CONCUR *Page 1