DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, City of Akron, appeals from the judgment of the Summit County Court of Common Pleas denying its motion to dismiss claims alleged against it and J.W. Didado Electric, Inc. by Appellees Shawn and Sherri Slonsky (collectively "Slonsky"). We reverse.
 I. {¶ 2} On August 9, 2007, Slonsky filed a complaint against the City of Akron ("City"), a John Doe City employee, and J.W. Didado Electric, Inc. ("Didado"), which complaint was amended on December 7, 2007. The amended complaint alleged tortious interference with contract; tortious interference with business relationship, tortious interference with employment; civil conspiracy and loss of consortium. Slonsky claimed Didado discharged him from employment because he sent a letter to the City on April 12, 2007, complaining about City employee Sinatra Scott's lack of enforcement of the City's electrical code. The complaint alleged that Scott passed on work performed by him on behalf of Didado without conducting *Page 2 
inspections, "which jeopardized the safety and welfare of the people of the City of Akron and the State of Ohio." The complaint specifically alleged that Didado, the City and John Doe conspired and: (1) "intentionally procured a breach of the [union] contract, without justification"; (2) "intentionally interfered with perspective contractual relations, not yet reduced to contract"; (3) acted maliciously to induce Didado to terminate his employment relationship; and (4) "were engaged in unlawful acts and admissions independent from the conspiracy itself[.]"
 {¶ 3} On February 1, 2008, the City moved to dismiss Slonsky's claims against it based on the doctrine of sovereign immunity set forth in R.C. 2744.02 and because Slonsky did not make any allegations against an identified City employee. Slonsky replied on March 1, 2008, and asserted that employees of a political subdivision are not immune if their acts were outside the scope of employment or committed with a malicious purpose, in bad faith, or in a wanton or reckless manner. The City responded to Slonsky's March 1, 2008 memorandum noting that Slonsky's arguments related to John Doe who had not been served or appeared in the case and did not relate to the City. Accordingly, the City argued, Slonsky's response did not address or negate the City's argument that it is immune under R.C. 2744.02.
 {¶ 4} On May 14, 2008, the trial court issued an order denying the City's motion to dismiss holding that "an affirmative defense of sovereign immunity cannot be raised in a motion pursuant to Civ. R. 12(B)(6)." The trial court cited Oliver v. Wagner (Dec. 8, 1999), 9th Dist. No. 2832-M, and Stewart v. Chippewa Local School Dist. (Feb. 2, 2000), 9th Dist. No. 98CA0049, in support of its holding.
 {¶ 5} The City timely appealed and raises two assignments of error for our review. *Page 3 
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN HOLDING THAT SOVEREIGN IMMUNITY CANNOT BE RAISED IN A MOTION TO DISMISS PURSUANT TO CIV.R. 12(B)(6)."
 {¶ 6} In its first assignment of error, the City argues that the trial court erred in denying its motion to dismiss based on Stewart andOliver and holding that a defense of sovereign immunity cannot be raised in a motion to dismiss. This Court agrees with the City.
 {¶ 7} Stewart and Oliver were both decided before the Supreme Court decided Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839, the seminal case on the issue of sovereign immunity. Although decided in the context of a motion for summary judgment, the Hubbell court made clear that its holding was not limited only to motions for summary judgment and stated:
 "[T]he use of the words `benefit' and `alleged' illustrates that the scope of [R.C. 2744.02(C)] is not limited to orders delineating a `final' denial of immunity. R.C. 2744.02(C) defines as final a denial of the `benefit' of an `alleged' immunity, not merely a denial of immunity. Therefore, the plain language of R.C. 2744.02(C) does not require a final denial of immunity before the political subdivision has the right to an interlocutory appeal.
 "* * *
 "[W]e hold that when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 744, that order denies the benefit of an alleged immunity and thus is a final, appealable order pursuant to R.C. 2744.02(C)." Hubbell at ¶¶ 12, 27.
In so holding, the Hubbell Court also noted policy reasons behind its broad interpretation of R.C. 2744.02(C) and stated:
 "As the General Assembly envisioned, the determination of immunity could be made prior to investing the time, effort, and expense of the courts, attorneys, parties, and witnesses[.]" Id. at ¶ 26, citing Burger v. Cleveland Hts. (1999) 87 Ohio St.3d 188, 199-200. *Page 4 
 {¶ 8} We also note that we dismissed by judgment entry an appeal of a trial court's order denying a municipality's motion to dismiss based on sovereign immunity in Stevenson v. ABM, 9th Dist. No. 07CA0009-M. InStevenson, we determined that the trial court's denial was not final and appealable because a final ruling on immunity had not been made. The Supreme Court of Ohio, on the authority of Hubbell, reversed our dismissal and instructed us to:
 "conduct a de novo review of the law and facts. If, after that review, only questions of law remain, the courts of appeals may resolve the appeals. If genuine issues of material fact remain, the courts of appeals may remand the causes to the trial courts for further development of the facts necessary to resolve the immunity issue. If propositions of law are noted, the reversals apply only to those portions of the judgments of the courts of appeals that are implicated by the applicable propositions of law." In re Ohio Political Subdivision Immunity Cases, 115 Ohio St.3d 448, 2007-Ohio-5252, at ¶ 2.
 {¶ 9} Based on the foregoing, we sustain the City's first assignment of error and reverse the trial court's judgment entry, which declined to consider the issue of sovereign immunity in the context of a Civ. R. 12(B)(6) motion.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN NOT GRANTING IMMUNITY TO THE CITY OF AKRON PURSUANT TO R.C. § 2744.02(A)."
 {¶ 10} In its second assignment of error, the City argues that the trial court erred when it did not dismiss the complaint against it based on R.C. 2744.02. This Court agrees.
 {¶ 11} "This Court reviews de novo a trial court's decision to grant a motion to dismiss." Stevenson v. ABM Inc., 9th Dist. No. 07CA0009-M,2008-Ohio-3214, at ¶ 6. A Rule 12(B)(6) motion is granted "only if it appears beyond a doubt that the [party] can prove no set of facts which would entitle him to relief." Id. "In considering a Civ. R. 12(B)(6) motion to dismiss, the trial court must review only the complaint, accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party." Id. The complaint alleged that the *Page 5 
City, through its employee, tortiuously interfered with its business, employment and contract opportunities.
 {¶ 12} Political subdivisions are immune from liability for any act or omission under Chapter 2744 of the Ohio Revised Code unless an exception applies. R.C. 2744.02(A)(1). The City is a political subdivision under Chapter 2744. R.C. 2744.01(F). "The exceptions to political subdivision immunity include, in general terms: (1) the negligent operation of a motor vehicle; (2) the negligent performance of proprietary functions; (3) the negligent failure to maintain public roads; (4) negligence on the grounds of a public building; and (5) liability that is expressly imposed by statute. R.C. 2744.02(B)(1)-(5)." Watson v. Akron, 9th Dist. No. 24077, 2008-Ohio-4995, at ¶ 12. "In Ohio, a political subdivision may not be held liable for intentional torts unless `liability is expressly imposed upon the political subdivision by a section of the Revised Code.'" Id. at ¶ 14. "[A] political subdivision is not liable for the intentional torts of its employees." Aronson v. Akron (April 4, 2001), 9th Dist. No. 19816, at *7. "Instead, the political subdivision is only liable for injury, death, or loss to person or property that is caused by the negligence of their employees." Id.
 {¶ 13} Each of the allegations of Slonsky's complaint is an intentional tort. See Equicredit Corp. of America v. Jackson, 7th Dist. No. 03MA191, 2004-Ohio-6376, at ¶ 74 (recognizing that "[c]ivil conspiracy is considered an intentional tort"), quoting USX Corp. v.Penn Cen. Corp. (2000), 137 Ohio App.3d 19, 26; LRL Properties v.Portage Metro. Hous. Auth. (Dec. 17, 1999), 7th Dist. No. 98-P-0070, at *6 (finding that that conspiracy to interfere with business relationship is an intentional tort); Haller v. Borror Corp. (1990),50 Ohio St.3d 10, 16 (recognizing that interference with business relationships and contract rights are intentional torts). Thus, the claims set forth in the complaint cannot impose liability on the City. *Page 6 
 {¶ 14} Slonsky acknowledges that it is a City employee, John Doe, not the City itself, whose intentional conduct allegedly harmed him. Slonsky's sole argument in his memorandum in opposition to the City's motion to dismiss relies upon R.C. 2744.03(A)(6)(a)/(b), which provides that an "employee is immune from liability unless *** the employee's acts *** were manifestly outside the scope of employee's employment *** [or] were with malicious purpose, in bad faith or in a wanton or reckless manner[.]" (Emphasis added.) Slonsky then states that "the complaint states claims for relief against John Doe [and any other City employee] *** [and thus] John Doe and any other City employee *** [are] not immune from Plaintiffs claims for relief." Slonsky makes no argument that the City itself should be denied immunity.
 {¶ 15} Based on the foregoing, the City cannot be liable for the intentional tort claims. Sherri Slonsky's claim for loss of consortium is derivative of the tort claims and thus, must fail. Bowen v. Kil-Kare,Inc. (1992) 63 Ohio St.3d 84, 93. Thus, accepting all factual allegations as true and making every reasonable inference in favor of Slonsky, the complaint does not provide any set of facts that would entitle Slonsky to relief. We therefore hold that the City is entitled to immunity and all claims against it must be dismissed.
 III. {¶ 16} The City's assignments of error are sustained and the trial court is instructed to enter judgment in favor of the City on its motion to dismiss.
Judgment reversed.
 The Court finds that there were reasonable grounds for this appeal. *Page 7 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellees.
 SLABY, J. DICKINSON, J. CONCUR. *Page 1