IN RE OHIO POLITICAL SUBDIVISION IMMUNITY CASES.

[Cite as *In re Ohio Political Subdivision Immunity Cases,* 115 Ohio St.3d 448, 2007-Ohio-5252.]

(Submitted September 12, 2007—Decided October 10, 2007.)

---

{¶ 1} The following dispositions of pending appeals are hereby entered based on our decision in *Hubbell v. Xenia,* 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents for the reasons stated in his dissenting opinion in *Hubbell v. Xenia.*

I

{¶ 2} The judgments of the courts of appeals in the following cases are reversed, and the causes are remanded to the courts of appeals with instructions for the courts of appeals to conduct a de novo review of the law and facts. If, after that review, only questions of law remain, the courts of appeals may resolve the appeals. If genuine issues of material fact remain, the courts of appeals may remand the causes to the trial courts for further development of the facts necessary to resolve the immunity issue. If propositions of law are noted, the reversals apply only to those portions of the judgments of the courts of appeals that are implicated by the applicable propositions of law.

{¶ 3} 2006–2395. *Estate of Graves v. Circleville,* Ross App. No. 06CA2900, 2006-Ohio-6626, 2006 WL 3691609. Proposition of Law No. I.

{¶ 4} 2007–0266. *Rogers v. Akron City School Sys.,* Summit App. No. 23416.

{¶ 5} 2007–0339. *Hahn v. Redmond,* Summit App. No. 23491.

{¶ 6} 2007–0560. *Stevenson v. ABM, Inc.,* Medina App. No. 07CA0009–M.

{¶ 7} 2007–0599. *Jeakle v. Maumee Police Dept.,* Lucas App. No. L–07–1035.

{¶ 8} 2007–0914. *Meeker v. Miamisburg City Schools Bd. of Edn.,* Montgomery App. No. CA22064.

II

{¶ 9} The discretionary appeal is accepted in the following case. The judgment of the court of appeals is reversed, and the cause is remanded to the court of

appeals with instructions for the court of appeals to conduct a de novo review of the law and facts. If, after that review, only questions of law remain, the court of appeals may resolve the appeal. If genuine issues of material fact remain, the court of appeals may remand the cause to the trial court for further development of the facts necessary to resolve the immunity issue.

{¶ 10} 2007–1022. *Hitchcock v. Akron City Schools Bd. of Edn.*, Summit App. No. 23632.

### III

{¶ 11} The certified question is answered in the affirmative in the following case, the judgment of the court of appeals is reversed, and the cause is remanded to the court of appeals for the court of appeals to conduct a de novo review of the law and facts. If, after that review, only questions of law remain, the court of appeals may resolve the appeal. If genuine issues of material fact remain, the court of appeals may remand the cause to the trial court for further proceedings.

{¶ 12} 2007–0024. *Rasmussen v. Hancock Cty. Commrs.*, Hancock App. No. 5–06–54.