[Cite as *Miller v. Van Wert Cty. Bd. of Mental Retardation & Dev. Disabilities*, 2009-Ohio-5082.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### VAN WERT COUNTY

JEAN ANN MILLER, ET AL.,

    PLAINTIFFS-APPELLEES,          CASE NO. 15-08-11

    v.

VAN WERT COUNTY BOARD OF
MENTAL RETARDATION AND
DEVELOPMENTAL DISABILITIES,        O P I N I O N
ET AL.,

    DEFENDANTS-APPELLANTS.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CV-08-04-156

**Judgment Reversed and Cause Remanded**

Date of Decision:   September 28, 2009

APPEARANCES:

    *Edward S. Kim and Brad E. Bennett* for Appellants, Van Wert
    County Board of MRDD, Thomas Edison Center and Jim Stripe

    *Tim James* for Appellant, Gerald E. Miller

    *Scott R. Gordon* for Appellees

**PRESTON, P.J.**

I. <u>Procedural History</u>

**{¶1}** Defendants-appellants, Van Wert County Board of Mental Retardation and Developmental Disabilities ("Van Wert County Bd. of MRDD"), the Thomas Edison Center ("Edison Center"), and Jim Stripe, Executive Director of the Van Wert County Bd. of MRDD ("Stripe") (collectively "appellants"), appeal the August 20, 2008 judgment of the Van Wert County Court of Common Pleas denying appellants immunity under R.C. 2744 et seq. We reverse.

**{¶2}** On April 2, 2008, Jean Ann Miller ("Miller"), an incompetent person represented by guardian *ad litem* Jean Adele Miller, filed a civil complaint in the Van Wert County Court of Common Pleas. (Doc. No. 1). In addition to the defendants listed above, the complaint named the Van Wert County Board of Commissioners, County Commissioners Clair Dugeon, Gary Adams, and Harold Merkle (all separately), and Gerald E. Miller as defendants. (Id.).

**{¶3}** The complaint's first cause of action alleged, in pertinent part, that: "[o]n or about September 4, 2007 plaintiff, Jean Ann Miller, was enrolled as a student in the Thomas Edison Center workshop and was a passenger on the school bus being driven by defendant, Gerald E. Miller, an employee of Defendants * * *." (Doc. No. 1, at ¶7). The complaint further alleged that defendant Miller "wrongfully detained the plaintiff in the school bus causing her to be exposed to

extreme heat and unbearable conditions" for approximately five (5) hours. (Id. at ¶¶8, 10). The complaint alleged that the plaintiff's wrongful detention and removal from the bus thereafter caused her severe emotional distress and bodily harm, to wit: heat exhaustion and dehydration. (Id. at ¶¶10-11). The complaint's second cause of action alleged that defendant Miller's previously alleged conduct was done willfully, wantonly, and in reckless disregard for plaintiff's safety and sought punitive damages. (Id. at ¶16).

{¶4} On June 30, 2008, the Van Wert County Board of Commissioners, and County Commissioners Clair Dugeon, Gary Adams, and Harold Merkle filed a motion for summary judgment. (Doc. No. 16). On July 1, 2008, the Van Wert County Bd. of MRDD, Edison Center, and Stripe filed a Civ.R. 12(B)(6) motion to dismiss. (Doc. No. 18).

{¶5} On August 20, 2008, the trial court granted summary judgment in favor of the Van Wert County Board of Commissioners and County Commissioners Clair Dugeon, Gary Adams, and Harold Merkle. (Doc. No. 27). That same day, however, the trial court denied the motion to dismiss filed by the Van Wert County Bd. of MRDD, Edison Center, and Stripe. (Doc. No. 26).

{¶6} On September 5, 2008, appellants Van Wert County Bd. of MRDD, Edison Center, and Stripe appealed the trial court's denial of their motion to dismiss. Appellants now appeal raising one assignment of error for our review.

Case No. 15-08-11

## II. Standard of Review

{**¶7**}   Before proceeding to the merits of appellants' assignment of error, we must set forth the applicable standard of review.  This Court reviews a trial court's decision to grant or deny a Civ.R. 12(B)(6) motion to dismiss de novo. *Risser v. Risser*, 173 Ohio App.3d 430, 2007-Ohio-4936, 878 N.E.2d 1073, ¶10, citing *Davidson v. Davidson*, 3d Dist. No. 17-05-12, 2005-Ohio-6414, ¶8, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶¶4-5.  To determine whether a motion to dismiss should have been granted, we accept all factual allegations in the complaint as true. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753.  In order to sustain a trial court's dismissal, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *LeRoy v. Allen, Yurasek, & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶14, citing *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶11. Additionally, we must construe the complaint's material allegations and any inferences drawn therefrom in the nonmoving party's favor. *LeRoy*, 2007-Ohio-3608, at ¶14, citing *Kenty v. Transamerica Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 418, 650 N.E.2d 863.

### III. Analysis

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT DEFENDANTS-APPELLANTS THE VAN WERT COUNTY BOARD OF MRDD, THOMAS EDISON CENTER, AND JIM STRIPE WERE NOT ENTITLED TO IMMUNITY PURSUANT TO O.R.C. §2744 ET SEQ.**

**{¶8}** Appellants argue that the trial court erred by not dismissing Miller's complaint because R.C. 2744.02(B)(1)'s exception to immunity for "negligent operation of any motor vehicle" does not apply to the facts of this case. Appellants argue that since "motor vehicle" in R.C. 2744.01(E) has the same meaning as in Ohio's traffic laws, "operation" should also be construed consistent with Ohio's traffic laws. Appellants point out that the traffic laws define "operate" as: "to cause or have caused movement of a vehicle, streetcar, or trackless trolley." R.C. 4511.01(HHH). Appellants cite *Perales v. City of Toledo* in further support of their position that "operation" requires the vehicle to be in motion. (Apr. 23, 1999), 6th Dist. No. L-98-1397. Therefore, appellants conclude that Miller has failed to state a claim of negligent operation since Miller never alleged her injuries were caused while the bus was in motion or being driven. Appellants also argue that the cases upon which the trial court relied are no longer reliable because their rationale has been undermined by subsequent contrary decisions.

{¶9} Appellants further argue that the trial court erred by not dismissing the complaint against defendant Stripe, because: (1) he is immune acting in his official capacity as Executive Director of the Board of MRDD; and (2) the complaint failed to allege facts that would result in Stripe being personally liable.

{¶10} Miller has failed to file an appellee's brief with this Court. When an appellee fails to file a brief, App.R. 18(C) provides that "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." Accordingly, we accept appellants' statement of the facts and issues for purposes of this appeal and reverse.

{¶11} Our analysis will be divided into five parts. First, we will briefly examine this Court's jurisdiction. Second, we will review the trial court's judgment entry. Third, we will review political subdivision liability. Fourth, we will interpret and apply the "negligent operation of any motor vehicle" exception under R.C. 2744.02(B)(1) based upon recent Ohio Supreme Court precedent. Fifth, we will analyze Stripe's liability. We ultimately conclude that Miller failed to state a claim upon which relief could be granted, and thus, the trial court erred by not dismissing the complaint as to these appellants. We further conclude that Stripe is immune, and therefore, the trial court erred in denying his motion to dismiss as well.

### 1. Jurisdiction

**{¶12}** As an initial matter, this Court notes that "[g]enerally an order denying a motion to dismiss is not a final order" subject to appellate review. *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199, ¶8, citing *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 103, 616 N.E.2d 213.  However, R.C. 2744.02(C) provides that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."  "Accordingly, * * * when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and thus is a final, appealable order pursuant to R.C. 2744.02(C)." *Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶27.  Therefore, a trial court's decision to deny a political subdivision's motion to dismiss which seeks immunity under R.C. Chapter 2744 is a final, appealable order pursuant to R.C. 2744.02(C). Id.; *Slonsky v. J.W. Didado Elec., Inc.*, 9th Dist. No. 24228, 2008-Ohio-6791, ¶8, citing *In re Ohio Political Subdivision Immunity Cases*, 115 Ohio St.3d 448, 2007-Ohio-5252, 875 N.E.2d 912, ¶2 (noting that the Ohio Supreme Court reversed its decision in *Stevenson v. ABM, Inc.*, 9th Dist. No. 07CA0009-M, 2008-Ohio-3214, which found that the trial court's denial of a

Case No. 15-08-11

county's motion to dismiss seeking immunity under R.C. Chapter 2744 was *not* a final order). Pursuant to the foregoing authorities, this Court has jurisdiction to decide this case.

2. Trial Court's Judgment

**{¶13}** The trial court began its analysis of the issues as follows:

> **Construing her complaint most strongly in her favor, Miller alleges that the acts or omissions of the school bus driver employed by MRDD in operating the school bus resulted in injuries to her. MRDD claims that they are immune pursuant to R.C. 2744.02, Ohio's Political Subdivision Tort Liability Law. Miller claims that her claim falls within the exception provided in R.C. 2744.02(B)(1), the negligent operation of a motor vehicle.**

(Aug. 20, 2008 JE, Doc. No. 26). The trial court then noted that the parties had inappropriately relied upon facts outside of the complaint for their respective positions for and against the motion to dismiss. (Id.). Next, the trial court found that the Second District Court of Appeals had addressed the issue of "operation" of a motor vehicle in *Doe v. Dayton School Dist. Bd. of Edn.* (1999), 137 Ohio App.3d 166, 738 N.E.2d 390. (Id.) The trial court then quoted the following text from *Doe v. Dayton*:

> **This court has rejected the argument that operation of a motor vehicle for purposes of R.C. 2744.02(B)(1) is limited to manipulation of the vehicle's controls during its travel along a street or highway. In *Groves v. Dayton Pub. Schools* (1999), 132 Ohio App.3d 566, 725 N.E.2d 734, we held that the vehicle's operation includes a school bus driver's negligent acts or omissions in assisting a handicapped student off the bus. However, in *Glover v. Dayton Pub. Schools* (August 13, 1999),**

- 8 -

**Montgomery App. No. 17601, unreported, 1999 WL 958492, we held that the vehicle's operation did not embrace infliction of injuries that a child suffered after alighting from the bus, when she darted into a street and was struck by a car.**

*Groves* **and** *Glover* **may be reconciled by application of a proximate-cause standard consistent with the narrow construction of R.C. 2744.02(B)(2) that we discussed above. That construction reasonably requires proof that the injuries or losses alleged are a direct consequence of the employee's negligent operation of the motor vehicle. Such direct consequences follow in sequence from the employee's acts or omissions in the vehicle's operation, without the intervention of any external forces that came into active operation at a later time or apart from it to cause the injury or loss alleged. See Prosser & Keeton, Laws of Torts (5 Ed. 1984), Section 43. Thus, in** *Groves***, the handicapped student's injuries were directly traceable to the driver's acts or omissions in assisting her to alight, without the intervention of external forces. In contrast, in** *Glover***, the car that struck the student after she had alighted from the bus was such an external force.**

**The "direct consequences" rule is grounded in the doctrine of intervening cause. That doctrine relieves a party of liability when a break occurs in the chain of causation. A break will occur when there intervenes between an agency creating a hazard and an injury resulting therefrom another conscious and responsible agency that could or should have eliminated the hazard.** *Hurt v. Charles J. Rogers Transp. Co.* **(1955), 164 Ohio St. 323, 58 O.O. 119, 130 N.E.2d 824. However, the intervening cause must be disconnected from the negligence of the first person and must be of itself an efficient, independent, and self-producing cause of the injury. Id. In contrast, a concurrent negligence, that is, one which concurs in point of consequence with the original negligence to produce the harm involved, does not cut off liability.** *Garbe v. Halloran* **(1948), 150 Ohio St. 476, 38 O.O. 325, 83 N.E.2d 217.**

(Aug. 20, 2008 JE, Doc. No. 26, citing *Doe v. Dayton*, 137 Ohio App.3d at 171). The trial court concluded: "[b]ased upon [*Doe v. Dayton*'s] analysis of what legally constitutes the operation of a motor vehicle, it is clear that Miller can, conceivably prove a set of facts that will entitle her to recovery" and denied appellants' motion to dismiss. (Id.).

### 3. Political Subdivision Liability

**{¶14}** Chapter 2744 governs political subdivision liability and immunity. To determine whether a political subdivision is entitled to immunity under Chapter 2744, a reviewing court must engage in a three-tiered analysis. *Hubbard v. Canton Cty. Schl. Bd. Of Ed.,* 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶10, citing *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610. First, the court must determine whether the entity claiming immunity is a political subdivision and whether the alleged harm occurred in connection with either a governmental or proprietary function. R.C. 2744.02(A)(1); *Hubbard*, 2002-Ohio-6718, at ¶10. The general rule is that political subdivisions are not liable in damages. Id. If the entity is a political subdivision entitled to immunity, then the court must determine whether any of the R.C. 2744.02(B) exceptions to immunity apply. *Hubbard*, 2002-Ohio-6718, at ¶12, citing *Cater*, 83 Ohio St.3d at 28. If any of the R.C. 2744.02(B) exceptions apply, then the political subdivision can reinstate its immunity by showing that a R.C. 2744.03 defense applies. *Cater*, 83

Ohio St.3d at 28. If none of the R.C. 2744.02(B) exceptions to immunity apply, however, R.C. 2744.03's defenses need no consideration. *Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation and Developmental Disabilities*, 150 Ohio App.3d 383, 2002-Ohio-6344, 781 N.E.2d 1034, ¶26, citing *Cater*, 83 Ohio St.3d at 28.

**{¶15}** Appellants are political subdivisions for purposes of immunity under Chapter 2744, and appellants' operation of the Edison Center is a governmental function. *Estate of Ridley*, 2002-Ohio-6344, at ¶¶24-25; R.C. 2744.01(C)(1)(o). The parties do not dispute whether appellants are political subdivisions generally immune from liability; rather, they dispute whether R.C. 2744.02(B)(1)'s negligent operation of a motor vehicle exception applies to abrogate appellants' immunity. (Plaintiff's Memo. in Opposition to Motion to Dismiss, Doc. No. 24). Therefore, we must turn to R.C. 2744.02(B)(1) to determine whether the facts alleged in Miller's complaint could conceivably fall within the exception.

4. "Negligent Operation of any Motor Vehicle" Exception

**{¶16}** R.C. 2744.02(B)(1) provides:

**(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority.**

The Ohio Supreme Court has recently interpreted "negligent operation of any motor vehicle" under R.C. 2744.02(B)(1) and concluded that it does not encompass supervision of the conduct of passengers in the vehicle. *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, ¶30. In *Doe v. Marlington*, the custodial parents of a fourth-grade girl riding on a school bus owned and operated by the Marlington local school district sued the school district alleging that the girl had been sexually molested by another child while riding on the bus. 2009-Ohio-1360, at ¶¶1-4. The school board moved for summary judgment based upon sovereign immunity under R.C. Chapter 2744, but the trial court denied the motion. Id. at ¶1.

**{¶17}** The school board appealed the trial court's decision to the Court of Appeals for the Fifth District and argued that it was entitled to sovereign immunity under Chapter 2744. *Doe v. Marlington Local School Dist. Bd. of Edn.*, 5th Dist. No. 2006CA00102, 2007-Ohio-2815, ¶6. The girl's custodial parents argued that the trial court correctly denied the school board's motion for summary judgment because the supervision and control of student passengers is an integral part of the operation of a school bus. Id. at ¶19. The school board, on the other hand, argued that supervision and control of student passengers falls outside the scope of "operation of any motor vehicle" as that term is used in R.C. 2744.02(B)(1). Id.

The Court of Appeals ultimately agreed with the school board that supervision of passengers was not "operation of any motor vehicle" and reversed. Id. at ¶24.

{¶18} Thereafter, the girl's custodial parents appealed to the Ohio Supreme Court, which accepted the appeal. *Marlington*, 2009-Ohio-1360, at ¶¶1, 8; 116 Ohio St.3d 1460, 2007-Ohio-6803, 878 N.E.2d 36. Analyzing the meaning of "operation" under R.C. 2744.02(B)(1), the Ohio Supreme Court noted that the General Assembly's definition of "operate" found in R.C. 4511.01(HHH) "sheds light on the meaning of 'operation' in R.C. 2744.02(B)(1)." *Marlington*, 2009-Ohio-1360, at ¶24. The Court also noted that the definition of "operate" found in R.C. 4511.01(HHH) was "generally consistent with the interpretation courts have given to "operation" under R.C. 2744.02(B)(1)." Id. at ¶25. The Court went on to state: "[w]e conclude that the exception to immunity in R.C. 2744.02(B)(1) for the negligent operation of a motor vehicle pertains only to negligence in driving or otherwise causing the motor vehicle to be moved." Id. at ¶26. The Court further reasoned that while the supervision of students may be part of a school bus driver's duties, "it does not follow that every duty required of a school bus driver, or for which the driver is trained, constitutes operation of a school bus within the meaning of R.C. 2744.02(B)(1)." Id. at ¶27. Ultimately, the Court concluded that "the exception to political subdivision immunity in R.C. 2744.02(B)(1) for the

'negligent operation of [any] motor vehicle' does not encompass supervision of the conduct of passengers in the vehicle." Id. at ¶30.

**{¶19}** We find the Ohio Supreme Court's decision in *Marlington* controlling here. Miller alleged that she was injured when she was left on the bus, which is essentially a claim of negligent supervision; namely, the bus driver's negligent supervision in ensuring that Miller got off the bus. According to *Marlington*, negligent supervision of passengers is not "negligent operation of any motor vehicle" under R.C. 2744.02(B)(1). 2009-Ohio-1360, at ¶30. The only substantial difference between *Marlington* and the case sub judice is procedural. *Marlington* was appealed from a Civ.R. 56(C) motion for summary judgment, but this appeal follows the denial of a Civ.R. 12(B)(6) motion to dismiss. 2009-Ohio-1360, at ¶1; (Doc. No. 26). Although traditionally a Civ.R. 12(B)(6) motion to dismiss was not the proper procedural device to assert sovereign immunity, more recent appellate court decisions approve of the procedure, especially following the Ohio Supreme Court's decision in *Hubbell*, 2007-Ohio-4839. See, e.g., *Estate of Ridley v. Hamilton Cty. Bd. of MRDD*, 150 Ohio App.3d 383, 2002-Ohio-6344, 781 N.E.2d 1034; *Myrick v. Cincinnati*, 1st Dist. No. C-080119, 2008-Ohio-6830; *Rieger v. Montgomery Cty. Clerk of Courts*, 2nd Dist. No. 22575, 2009-Ohio-426; *Pepper v. Bd. of Edn. of Toledo Pub. Schools*, 6th Dist. No. L-06-1199, 2007-Ohio-203; *Wright v. Mahoning Cty. Bd. of Commrs.*, 7th Dist. No. 08-MA-77,

2009-Ohio-561; *Walsh v. Village of Mayfield*, 8th Dist. No. 92309, 2009-Ohio-2377; *Lowery v. Cleveland*, 8th Dist. No. 90246, 2008-Ohio-132; *Dubree v. Klide*, 8th Dist. No. 89673, 2008-Ohio-2178; *Hopper v. Elyria*, 9th Dist. No. 08CA009421, 2009-Ohio-2517; *Slonsky v. J.W. Didado Elec. Inc.*, 9th Dist. No. 24228, 2008-Ohio-6791; *Watson v. Akron*, 9th Dist. No. 24077, 2008-Ohio-4995; *Wooden v. Kentner* (2003), 153 Ohio App.3d 24, 790 N.E.2d 813; *Piispanen v. Carter*, 11th Dist. No. 2005-L-133, 2006-Ohio-2382. See, also, *Sullivan v. Anderson Twp.*, 122 Ohio St. 3d 83, 2009-Ohio-1971, 909 N.E. 2d 88; *Jones v. Lucas Cty. Sheriff's Dept.*, 6th Dist. No. L-08-1391, 2009-Ohio-3805.[1]

{¶20} Based upon *Marlington*'s interpretation of "negligent operation of any motor vehicle," we must conclude that Miller "can prove no set of facts in support of the claim that would entitle [her] to relief," and the trial court erred in denying appellants' motion to dismiss. 2009-Ohio-1360; *LeRoy*, 2007-Ohio-3608, at ¶14, citing *Archdiocese of Cincinnati*, 2006-Ohio-2625, at ¶11.

{¶21} Since this Court has found *Marlington*'s holding—that "negligent operation of any motor vehicle" does not encompass supervision of the conduct of passengers in the vehicle—dispositive here, we need not address appellants' further arguments limiting R.C. 2744.02(B)(1)'s exception to immunity.

---

[1] Were it not for the significant body of appellate case law approving of the use of Civ. R. 12(B)(6) for dismissing complaints on the basis of sovereign immunity under R.C. Chapter 2744 following the Ohio Supreme Court's decisions in *Hubbell* and *In re Ohio Political Subdivision Immunity Cases*, we would agree with the position taken by Judge Rogers in his separate concurrence.

5. Executive Director Stripe's Immunity

**{¶22}** Appellant Stripe argues that the trial court erred in not dismissing the complaint against him because: (1) he is immune under Chapter 2744 for all acts done in his official capacity as Executive Director of the Board of MRDD; and (2) the complaint fails to allege facts that would result in personal liability. We agree.

**{¶23}** The trial court did not address Stripe's immunity separately in its opinion; however, the trial court did list Stripe as one of the defendants that filed the motion to dismiss. (Aug. 20, 2008 JE, Doc. No. 26). Accordingly, we find that the trial court denied Stripe's motion to dismiss, though it erred in doing so.

**{¶24}** As an initial matter, Stripe is not liable in his official capacity since we have found that Miller failed to state a claim for which R.C. 2744.02(B)(1)'s exception to sovereign immunity applied. Stripe is not personally liable either. R.C. 2744.03(A)(6) provides, in pertinent part:

> **(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:**
>
> **(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;**
>
> **(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;**
>
> **(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. * * ***

According to the statute, a political subdivision employee is immune from liability *unless* one of the three specified grounds in (a) to (c) applies. *Green Cty. Agricultural Society v. Liming* (2000), 89 Ohio St.3d 551, 561, 733 N.E.2d 1141. Miller's complaint failed to allege any facts against Stripe that could conceivably meet any one of these grounds. Accordingly, Stripe is immune from liability, and the trial court erred in denying his motion to dismiss.

IV. Conclusion

{¶25} For all the aforementioned reasons, the trial court erred in denying appellants' Civ.R. 12(B)(6) motion to dismiss. Appellants' assignment of error is, therefore sustained.

{¶26} Having found error prejudicial to the appellants herein in the particulars assigned and argued, we reverse the judgment of the trial court and instruct the trial court to dismiss the complaint as to appellants Van Wert County Bd. of MRDD, the Edison Center, and Stripe.

*Judgment Reversed and*
*Cause Remanded.*

**WILLAMOWSKI, J., concur.**

**/jlr**

Case No. 15-08-11

**ROGERS, J., Concurring Separately.**

**{¶27}** Although I concur in the majority's decision to reverse, I concur separately because I would reverse on the basis that the issue of sovereign immunity was not ripe for determination. It is important to distinguish between a proper Civ.R. 12(B)(6) motion to dismiss and a ruling on sovereign immunity, which I believe must always be asserted in a responsive pleading as an affirmative defense. Civ.R. 8(C) governs the pleading of affirmative defenses and provides, in pertinent part:

> **In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, want of consideration for a negotiable instrument, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.**

**{¶28}** The clear, unambiguous, and unequivocal requirement of this language is that any affirmative defense, and any defense that constitutes an avoidance of liability, must be specifically pleaded as an affirmative defense. If it is not properly and affirmatively set forth in a responsive pleading, the defense is waived. Additionally, the Ohio Supreme Court has defined an affirmative defense as:

> **a new matter which, assuming the complaint to be true, constitutes a defense to it * * * [and] "any defensive matter in**

- 18 -

**the nature of a confession and avoidance. It admits that the plaintiff has a claim (the 'confession') but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the 'avoidance')."**

*State ex rel. The Plain Dealer Publishing Co.* (1996), 75 Ohio St.3d 31, 33 (citations omitted).

{¶29} Logically, because the affirmative defense includes the *confession*, it is incompatible with the Civ.R 12(B)(6) defense of failure to state a claim. It in fact admits that the plaintiff has stated a claim and the plaintiff may be successful on that claim should the opposing party fail to properly plead the affirmative defense. A motion to dismiss pursuant to Civ.R. 12(B)(6) is, therefore, irreconcilable with the confession included in an affirmative defense.

{¶30} The trial court in this case, and effectively the majority in this Court, have ignored the obvious distinction between the "failure to state a claim upon which relief can be granted" and matters which "constitut[e] an avoidance or affirmative defense." See Civ.R. 12(B)(6); Civ.R. 8(C). In the former, no set of facts proven by the claimant will give rise to a proper claim for relief. In the latter, the plaintiff's allegations will give rise to a claim for relief and liability, unless the opposing party can demonstrate some statute or other defense which neutralizes or nullifies the responsibility of that party. See *Davis v. Cincinnati* (1991), 81 Ohio App.3d 116, 119, quoting Black's Law Dictionary (5 Ed.1979)

55. This is a substantial difference. Furthermore, the proper methods of presenting these issues are separate and distinct.

**{¶31}** Civ.R. 12(B) specifically provides that certain enumerated defenses may be may be raised in a motion prior to the filing of a responsive pleading. However, there is no such provision allowing for an affirmative defense to be raised by motion. In fact, Civ.R. 8(C) specifically requires that an affirmative defense must be "set forth affirmatively" and, if it is not affirmatively raised in the pleading, it is waived. *Jim's Steak House, Inc. v. Cleveland* (1998), 81 Ohio St.3d 18 (holding that "[a]ffirmative defenses other that those listed in Civ.R. 12(B) are waived if not raised in the pleadings or in an amendment to the pleadings").

**{¶32}** The Ohio Supreme Court has also held that matters designated by Civ.R. 8(C) as affirmative defenses and not specifically enumerated in Civ.R. 12(B) may not be raised by a motion to dismiss under Civ.R. 12(B). *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109. See, also, *Stutes v. Harris*, 2d Dist. No. 21753, 2007-Ohio-5163, ¶¶10-12, 18-19; *Post v. Caycedo*, 9th Dist. No. 23769, 2008-Ohio-111, ¶7; *Marok v. Ohio State Univ.*, 10th Dist. No. 07AP-921, 2008-Ohio-3170, ¶13. Furthermore, an affirmative defense may not be raised for the first time in a motion for summary judgment. *Eulrich, v. Weaver Brothers, Inc.*, 165 Ohio App.3d 313, 2005-Ohio-5891, ¶12, citing *Carmen v. Link* (1997), 119 Ohio App.3d 244, 250. See, also, *Kritzwiser v. Bonetzky*, 3d Dist. No. 8-07-

24, 2008-Ohio-4952; *Midstate Educators Credit Union, Inc. v. Werner*, 175 Ohio App.3d 288, 2008-Ohio-641.

**{¶33}** I am, however, aware that there are reported cases which have ignored this distinction and state that an affirmative defense may be the subject of a motion under Civ.R. 12(B)(6) when the circumstances are fully contained within the complaint.[2] However, statutes and other relevant circumstances are seldom contained in a complaint. Obviously, if the trial court may only consider the pleadings when ruling on a Civ.R. 12(B)(6) motion to dismiss made prior to the filing of an answer, it does not have before it any affirmative defense. Civ.R. 7(A) defines pleadings, and only includes complaints and answers (and a reply if ordered). A motion is not included in that definition.

**{¶34}** "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548. In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, "it must appear beyond doubt from the complaint that

---

[2] The majority cites to *Hubbell v. City of Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, *In Re Ohio Political Subdivision Cases*, 115 Ohio St.3d 448, 2007-Ohio-5252, and appellate authority citing to these cases, as authority for proceeding on issues of sovereign immunity under Civ.R. 12(B)(6) motions to dismiss. However, the *Hubbell* decision involved an appeal from a ruling on a motion for summary judgment, and did not expressly address appeals from rulings on Civ.R. 12(B)(6) motions to dismiss. Further, the focus of the *Hubbell* decision was whether the order denying sovereign immunity was a final appealable order, and not whether the procedural methods in the trial court were proper. Accordingly, I believe that the appellate decisions cited by the majority have interpreted *Hubbell* too broadly.

the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, syllabus. In resolving a Civ.R. 12(B)(6) motion to dismiss, the trial court may consider only the statements and facts contained in the pleadings, and may not consider or rely on evidence outside the complaint. *Estate of Sherman v. Millhon* (1995), 104 Ohio App.3d 614, 617.

{¶35} Finally, I would point out that Ohio requires only notice pleading. A plaintiff is not required to anticipate all possible defenses, let alone affirmative defenses. Therefore, a plaintiff is not required to include in the complaint all circumstances which might negate potential affirmative defenses; and which can also be waived by failure to plead them. For the trial court to consider a Civ.R. 12(B)(6) motion to dismiss on the basis of an alleged affirmative defense that has not been included in a responsive pleading, and to which a plaintiff has not had the opportunity to respond, is improper and highly prejudicial to a plaintiff.

{¶36} The trial court in this case considered an affirmative defense which had not been included in a pleading; a matter outside of the pleadings. It is interesting to observe that the trial court noted that, in response to the motion, the parties to the action had argued facts not included in the pleadings, and yet proceeded to determine the case on matters not included in the pleadings.

**{¶37}** I further understand that it will be argued that the result at the trial court might be the same if the affirmative defense is pleaded and reargued. However, that does not negate the fact that the Rules of Civil Procedure specifically prohibit the procedure followed in this case, nor the fact that a ruling on an affirmative defense was not ripe for consideration. We should not enforce rules only when it is convenient. Rather, we must enforce rules (and statutes) consistently, and as written. Otherwise, the law becomes amorphous and dependent upon the whims, passions, and prejudices of the trial judge, and/or the reviewing court.

**{¶38}** I would reverse the decision of the trial court and remand for further proceedings.

/jlr