[Cite as *Nicholson v. LoanMax, L.L.C.*, 2018-Ohio-375.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| KELLY NICHOLSON | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 16 BE 0057 |
| VS. | ) | |
| | ) | OPINION |
| LOANMAX, LLC., et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from the Court of Common Pleas, of Belmont County, Ohio Case No. 15-CV-304

JUDGMENT:    Reversed.

APPEARANCES:

For Plaintiff-Appellee    Attorney Eric Chaffin
Attorney Patrick Booth
615 Iron City Drive
Pittsburgh, Pennsylvania 15205

For Defendants-Appellants    Attorney James Lyons, Jr.
Attorney Kenneth Calderone
3737 Embassy Parkway, Suite 100
Akron, Ohio 44333

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: January 26, 2018

DeGENARO, J.

{¶1} Defendants-Appellants, Judith Steele and Bellaire Board of Education, appeal the decision of the Belmont County Court of Common Pleas denying their motion for summary judgment. On appeal, Bellaire Board of Education and Steele argue there were no genuine issues of fact regarding their statutory immunity and were entitled to judgment in their favor as a matter of law. As they are immune from liability, the judgment of the trial court is reversed, and judgment is entered in their favor.

## Facts and Procedural History

{¶2} Plaintiff-Appellee, Kelly Nicholson, filed a complaint against Loanmax, LLC, Drummond Financial Services, LLC, Select Management Resources LLC, and the Bellaire Board of Education. Nicholson alleged that on September 17, 2014, she was exiting a school bus owned by BOE and was injured when she stepped off the bus and into a pothole in a parking lot owned and maintained by all named defendants.

{¶3} BOE answered Nicholson's complaint, denied the allegations and asserted various affirmative defenses, including statutory immunity. Drummond Financial Services, LLC, dba Loanmax and Select Management Resources, LLC, filed an answer. Nicholson later filed an amended complaint naming the bus driver Judith Steele, and TERA, II, LLC as additional defendants.

{¶4} BOE and Steele moved for summary judgment on the basis of statutory immunity pursuant to R.C. §2744.01. The remaining defendants moved for summary judgment on the basis of the "open and obvious doctrine." Nicholson responded in opposition on September 16, 2016. All motions were overruled, and the concept of open and notorious remained a factual determination for the jury.

## Summary Judgment

{¶5} In their sole assignment of error, Steele and BOE assert:

The trial court erred by not granting Appellant's Motion for Summary Judgment on the Basis of Immunity.

**{¶6}** An appellate court reviews a trial court's summary judgment decision de novo. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. A motion is properly granted if the court, viewing the evidence in a light most favorable to the party against whom the motion is made, determines that: 1) there are no genuine issues as to any material facts; 2) the movant is entitled to judgment as a matter of law; and 3) the evidence is such that reasonable minds can come to but one conclusion, which is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10.

**{¶7}** An order denying a motion for summary judgment is generally not a final, appealable order. *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23, 222 N.E.2d 312. However, R.C. 2744.02(C) provides "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." "Thus, R.C. 2744.02(C) grants appellate courts jurisdiction to review the denial of a motion for summary judgment based upon immunity." *Gates v. Leonbruno*, 2016-Ohio-5627, 70 N.E.3d 1110, ¶ 29 (8th Dist.)

**{¶8}** Political subdivisions are generally not liable in damages for injury, death or loss to person or property by any act or omission. R.C. 2744.02(A)(1) "The Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, requires a three-tiered analysis to determine whether a political subdivision should be allocated immunity from civil liability*." Hubbard v. Canton City Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 10, citing *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 1998-Ohio-421, 697 N.E.2d 610.

**{¶9}** A three-tiered analysis is used when evaluating immunity:

Under the first tier, R.C. 2744.02(A)(1) sets out the general rule that political subdivisions are not liable in damages. [*Green Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556–57, 733 N.E.2d 1141 (2000) ] Under the second tier, the court must determine whether any of the exceptions to immunity set out in R.C. 2744.02(B) apply. *Id.* at 557, 733

N.E.2d 1141. Finally, under the third tier, if the court finds that any of R.C. 2744.02(B)'s exceptions apply, it must consider R.C. 2744.03, which provides defenses and immunities to liability. *Id.*

*Roberts v. Switzerland of Ohio Local School Dist.*, 2014-Ohio-78, 7 N.E.3d 526, ¶ 17 (7th Dist.).

**{¶10}** "Immunity is a doctrine that provides a complete defense to a tort action. By asserting an immunity defense, the defendant does not allege that there was no negligence. The defendant is asserting that it is protected from liability for negligence by reason of R.C. Chapter 2744." *Rondy v. Richland Newhope Industries, Inc.*, 2016-Ohio-118, 57 N.E.3d 369, ¶ 27 (5th Dist). In the present matter, both parties agree that the first tier is met. As such, BOE and Steele are presumptively immune from liability under R.C. 2744.02(A)(1) and are entitled to immunity unless one of the exceptions in R.C. 2744.02(B) applies.

**{¶11}** BOE and Steele argue none of the exceptions apply. Nicholson contends that three apply to reinstate liability. Each will be discussed in turn.

### Negligent Operation of Motor Vehicle

**{¶12}** R.C. 2744.02(B)(1) provides:

Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority.

**{¶13}** Nicholson argues that R.C. 2744.02(B)(1) reinstates BOE and Steele's liability as Steele failed to adhere to the applicable Ohio "safety regulations, school policies and local rules." The parties agree that the bus was fully stopped at the time of the incident. In *Miller v. Van Wert Cty. Bd. of Mental Retardation & Dev. Disabilities*, 3d. Dist. No. 15-08-11, 2009-Ohio-5082, ¶ 18, the Third District stated:

> "Analyzing the meaning of "operation" under R.C. 2744.02(B)(1), the Ohio Supreme Court noted that the General Assembly's definition of "operate" found in R.C. 4511.01(HHH) "sheds light on the meaning of 'operation' in R.C. 2744.02(B)(1)." [*Doe v. Marlington Local School Bd. of Edn.*, 122 Ohio St.3d 12, 2009–Ohio–1360, 907 N.E. 2d 706, ¶ 24.] The Court also noted that the definition of "operate" found in R.C. 4511.01(HHH) was "generally consistent with the interpretation courts have given to "operation" under R.C. 2744.02(B)(1)." *Id.* at ¶ 25, 907 N.E.2d 706. The Court went on to state: "[w]e conclude that the exception to immunity in R.C. 2744.02(B)(1) for the negligent operation of a motor vehicle pertains only to negligence in driving or otherwise causing the motor vehicle to be moved." *Id.* at ¶ 26, 907 N.E.2d 706.

**{¶14}** Here, the school bus was parked and at a full and complete stop at the time Nicholson exited and stepped down into the pothole. Nicholson attempts to distinguish *Marlington,* as relied upon in *Miller,* by citing to *Swain v. Cleveland Metro. School Dist.* 8th Dist. No. 94553, 2010-Ohio-4498, which held that the negligent operation exception reinstated municipal liability. However, the *Swain* Court noted the inapplicability of *Marlington* to the facts contained in that case:

> *Marlington* is easily distinguishable from the case at bar. *Marlington* involved the sexual assault between different students. The case at bar involves the negligent operation of a motor vehicle in driving or otherwise causing the vehicle to be moved in relation to the conduct of

the bus driver and her duties.

In contrast to the sexual assault between a special needs student in *Marlington*, the conduct in the case at bar involves an entirely different situation. The bus driver in the case at bar, *while sitting in the driver's seat and while the engine was running, declined to inspect the bus and then drove the bus away from the proper bus stop.*

*Swain*, ¶ 11-12.

**{¶15}** Nicholson further cites to *Doe v. Dayton City School Board of Education*, 137 Ohio App.3d 166, 738 N.E.2d 390 (2d.Dist.1999), and *Groves v. Dayton Public Schools*, 132 Ohio App.3d 566, 725 N.E.2d 734 (2d. Dist.1999). However, we find *Doe and Groves* unpersuasive and distinguishable as in both cases the vehicle was not being operated at the time of the plaintiff's injuries. The rationale in *Marlington, Miller* and *Swain* is more persuasive.

**{¶16}** As there was no actual operation of the school bus in the present matter, R.C. 2744.02(B)(1) does not reinstate BOE and Steele's liability.

**Failure to Repair Public Roads**

**{¶17}** R.C. 2744.02(B)(3) provides:

Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability,

when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.

{¶18} Nicholson was injured in a parking lot owned by TERA II and leased to Drummond Financial who was responsible for maintaining the premises pursuant to the terms of the lease. Loan Max is a dba for Drummond. BOE had a legal easement since 1982 for use of the parking lot. Nicholson argues that the easement required BOE to maintain the parking lot in a reasonably safe condition. This is a distinction without a difference. A parking lot is not a public road.

The General Assembly defined what areas constitute a public road and what areas do not: "Public roads means public roads, highways, streets, avenues, alleys, and bridges within a political subdivision. 'Public roads' does not include berms, shoulders, rights-of-way, or traffic control devices unless the traffic control devices are mandated by the Ohio manual of uniform traffic control devices." R.C. 2744.01(H).

The Ninth District held that in the context of an ongoing repair or maintenance project, a public road is "the area under the control of the political subdivision, subject to the ongoing repair work, and open to travel by the public." 2014-Ohio-3529, 17 N.E.3d 639, at ¶ 11. The court did so without consideration of the areas the General Assembly statutorily excluded from the definition of public road. The result was an expansion of the definition to include "area[s] under the control of the political subdivision"—in direct contravention of the General Assembly. See *Montgomery Cty. Bd. of Commrs.*, 28 Ohio St.3d at 175, 503 N.E.2d 167.

Because a definition was provided by the General Assembly, R.C. 2744.01(H) is the exclusive definition of public road for purposes of

determining sovereign immunity from all claims that allege a negligent failure to maintain.

*Baker v. Wayne County*, et al., 147 Ohio St.3d 51, 2016-Ohio-1566, 60 N.E.3d 1214, ¶ 16-18.

**{¶19}** As parking lots were not included within the statutory definition of public roads, R.C. 2744.02(B)(3) does not reinstate BOE and Steele's liability.

**Physical Defect**

**{¶20}**    R.C. 2744.02(B)(4) provides:

Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.

**{¶21}** Regarding R.C. 2744.02:

R.C. 2744.02(B) was amended on April 9, 2003. The 2003 amendment to R.C. 2744.02(B)(4) added the language "and is due to physical defects within or on the grounds of" after "that is caused by the

negligence of their employees and that occurs within or on the grounds of." Other than this addition, the statute remained the same. The statute was changed to limit liability for negligence that is due to physical defects within or on the grounds that are used in connection with a governmental function. *Aratari v. Leetonia Exempt Village School Dist.*, 7th Dist. No. 06–CO–11, 2007-Ohio-1567, 2007 WL 969402, ¶ 30.

*Roberts v. Switzerland of Ohio Local School Dist.*, 2014-Ohio-78, 7 N.E.3d 526, ¶ 20 (7th Dist).

**{¶22}** R.C. 2744.02(B)(4) requires proof of two elements for the exception to apply: a negligent act and a physical defect within or on the grounds of the political subdivision. *DeMartino v. Poland Loc. School Dist.*, 7th Dist. No. 10 MA 19, 2011-Ohio-1466, ¶ 34. "R.C. 2744.02(B)(4) requires the injuries at issue to be caused both by a political-subdivision employee's negligence and a physical defect on the grounds." *Parmertor v. Chardon Local Schools*, 2016-Ohio-761, 47 N.E.3d 942, ¶ 16 (11th Dist.).

**{¶23}** The phrase physical defect is not statutorily defined. The Sixth District defined physical defect as "a perceivable imperfection that diminishes the worth or utility of the object at issue." *Hamrick v. Bryan City School Dist.*, 6th Dist. No. WM–10–014, 2011-Ohio-2572, ¶ 28. Here Nicholson alleges the physical defect that caused or contributed to her injury was the pothole. Bellaire responds that the easement operated as it was intended to do.

**{¶24}** Nicholson vacillates between what constitutes the negligent act: the board's failure to repair the pothole pursuant to the terms of the easement or Steele's operation of the bus itself, which is not an action as the bus was fully stopped and parked.

**{¶25}** Construed in a light most favorable to the Nicholson as the non-moving party, the exceptions to sovereign immunity Nicholson asserts reinstates liability do not. As Steele and BOE are entitled to statutory immunity, the trial court erred in denying their motion for summary judgment. Accordingly, the judgment of the trial

court is reversed and summary judgment is granted in favor of Steele and BOE.

Donofrio, J., dissents in part, concurs in part; see dissenting in part, concurring in part opinion.

Robb, P. J., concurs.

DONOFRIO, J., dissenting in part, concurring in part.

**{¶26}** I respectfully dissent from that part of the majority opinion that determines that the exception to immunity set out in R.C. 2744.02(B)(1) does not apply to the Board of Education (BOE). Instead, I would find that the R.C. 2744.02(B)(1) exception does apply to reinstate liability as to the BOE. I also respectfully concur in judgment only with that part of the majority opinion that determines that Steele is entitled to immunity. I too would find that Steele is entitled to immunity, but for the reason that R.C. 2744.03(A)(6) establishes her immunity.

**{¶27}** Whether a political subdivision is entitled to immunity is analyzed using a three-tiered process. *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556, 733 N.E.2d 1141 (2000). Under the first tier, R.C. 2744.02(A)(1) sets out the general rule that political subdivisions are not liable in damages. *Id.* at 556–557. Under the second tier, the court must determine whether any of the exceptions to immunity set out in R.C. 2744.02(B) apply. *Id.* at 557. Finally, under the third tier, if the court finds that any of R.C. 2744.02(B)'s exceptions apply, it must consider R.C. 2744.03, which provides defenses and immunities to liability. *Id.*

**{¶28}** Under the first tier, the BOE has immunity and is not liable for damages.

**{¶29}** Under the second tier, we must examine whether any exceptions to immunity apply. R.C. 2744.02(B) sets out five specific exceptions to immunity. I would find that R.C. 2744.02(B)(1) applies to the BOE. It provides:

(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and

authority.

R.C. 2744.02(B)(1).

**{¶30}** In this case, Steele was operating the school bus within the scope of her employment when she drove the bus on top of the pothole. The phrase "operation of any motor vehicle" is not defined in R.C. Chapter 2744. The Second District found that phrase "capable of encompassing more than the mere act of driving the vehicle involved." *Groves v. Dayton Pub. Schools*, 132 Ohio App.3d 566, 569, 725 N.E.2d 734 (2d Dist.1999).

**{¶31}** The majority relies on the reasoning set out in *Doe v. Marlington Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 12, 2009-Ohio-1360, 907 N.E.2d 706, and *Miller v. Van Wert Cty. Bd. of Mental Retardation & Dev. Disabilities*, 3d Dist. No. 15-08-11, 2009-Ohio-5082. Neither of these cases, however, define "operation of a motor vehicle" to not include the action of driving a vehicle over a hazard and parking it there. Instead, both of those cases stand for the proposition that the supervision of students on a bus is not included in the definition of "operation of a motor vehicle."

**{¶32}** In *Marlington*, 2009-Ohio-1360, the Ohio Supreme Court was specifically faced with "whether a school bus driver's supervision of the conduct of children passengers on a school bus amounts to operation of a motor vehicle within the statutory exception to political subdivision immunity under R.C. 2744.02(B)(1)" when a student was allegedly sexually assaulted while on the school bus. *Id*. at ¶ 9. The Court concluded:

> the exception to immunity in R.C. 2744.02(B)(1) for the negligent operation of a motor vehicle pertains only to negligence in driving or otherwise causing the vehicle to be moved. The language of R.C. 2744.02(B)(1) is not so expansive that it includes supervising the conduct of student passengers, as alleged in this case.

*Id*. at 26.

**{¶33}** In *Miller*, 2009-Ohio-5082, the claim alleged the bus driver detained an incompetent student on the bus for five hours. The Third District relied on the Ohio Supreme Court's decision in *Marlington*, in finding that "negligent supervision of passengers is not 'negligent operation of any motor vehicle' under R.C. 2744.02(B)(1)." *Id.* at ¶ 19.

**{¶34}** In both *Marlington* and *Miller*, the issue was whether the bus driver's supervision of the students on the bus was contained within the definition of "operation of a motor vehicle." This is not the issue in the case at bar. Thus, I would find these cases inapplicable.

**{¶35}** The majority also relies on *Swain v. Cleveland Metro. School Dist.*, 8th Dist. No. 94553, 2010-Ohio-4498. In *Swain*, a mother sought to hold the school district liable for the actions of a bus driver who failed to discover that her five-year-old child had fallen asleep on the bus on the way home from school and failed to drop her off at her bus stop. The Eighth District distinguished the case from *Marlington* finding:

> [i]n contrast to the sexual assault between a special needs student in *Marlington*, the conduct in the case at bar involves an entirely different situation. The bus driver in the case at bar, *while sitting in the driver's seat and while the engine was running, declined to inspect the bus and then drove the bus away from the proper bus stop*.

(Emphasis sic.); *Id.* at ¶ 12. Thus, if anything, *Swain* supports a finding that Steele's action of driving over a pothole and parking the bus on top of pothole fall within the definition of "operation of a motor vehicle."

**{¶36}** I would find that the injury here occurred due to Steele's alleged negligent operation of the school bus, i.e., the action of driving the bus over a large pothole and parking it there. Thus, I would find that the R.C. 2744.02(B)(1) exception to immunity applies to the BOE.

**{¶37}** In finding that an exception to immunity applies, I would then move on

to the third tier of the immunity analysis, which is to consider whether there exists a defense or immunity to liability under R.C. 2744.03.

{¶38} R.C. 2744.03(A) lists five particular defenses or immunities that a political subdivision may assert to establish non-liability: (1) the employee involved was engaged in the performance of a judicial, quasi-judicial, prosecutorial, legislative, or quasi-legislative function; (2) the employee's conduct, other than negligent conduct, was required by law or authorized by law; (3) the action or failure to act by the employee that gave rise to the claim of liability was within the employee's discretion with respect to policy-making, planning, or enforcement powers; (4) the action or failure to act by the political subdivision or employee resulted in injury to a person who had been convicted of or pleaded guilty to a criminal offense and who was serving any portion of the person's sentence by performing community service work for or in the political subdivision; and (5) the injury resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources. None of these defenses apply here.

{¶39} Thus, I would find that the BOE was not entitled to immunity.

{¶40} While I would find that the BOE is not entitled to immunity based on the alleged negligence by Steele, I would still find that Steele is entitled to immunity. The reason for the difference being that under the third tier of the immunity analysis, R.C. 2744.03(A)(6) provides for broader immunity for employees:

> (6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
>
> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
>
> (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. * * *.

**{¶41}** In this case, there is no allegation that Steele was acting outside of the scope of her employment as a bus driver. Moreover, Steele's actions of driving over, and ultimately parking on top of, a large pothole may constitute negligence. But these actions were not undertaken with malice, bad faith, or in a wanton and reckless manner. Finally, there is no allegation that the Revised Code expressly imposes civil liability on Steele.

**{¶42}** In conclusion, for the reasons stated above, I would find that the R.C. 2744.02(B)(1) exception to immunity applies to reinstate liability as to the BOE and that no defenses to immunity apply to the BOE. Therefore, I respectfully dissent from that part of the majority opinion holding that the R.C. 2744.02(B)(1) exception to immunity does not apply to the BOE and that the BOE is entitled to immunity. Moreover, I would find that Steele is entitled to immunity based on R.C. 2744.03(A)(6), which the majority does not discuss. Therefore, I concur in judgment only with that part of the majority opinion that determines that Steele is entitled to immunity.