SCOTT, Appellant,

v.

CITY OF COLUMBUS DEPARTMENT OF PUBLIC UTILITIES et al., Appellees.

[Cite as *Scott v. Columbus Dept. of Pub. Utils.*, 192 Ohio App.3d 465, 2011-Ohio-677.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–391

Decided Feb. 15, 2011.

---

5. See *Franks v. Delaware* (1978), 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667.

466

Blue & Blue, L.L.C., and Douglas J. Blue, for appellant.

Richard C. Pfeiffer Jr., Columbus City Attorney, and Andrew D.M. Miller, Assistant City Attorney, for appellees.

FRENCH, Judge.

{¶ 1} Plaintiff-appellant, James E. Scott, appeals the judgment of the Franklin County Court of Common Pleas, which dismissed his complaint against defendants-appellees, city of Columbus, city of Columbus Department of Public Utilities, and city of Columbus Department of Public Service (collectively, "the city"), pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted. For the following reasons, we reverse.

{¶ 2} Scott filed this negligence action on August 27, 2009, against the city of Columbus Department of Public Utilities, the city of Columbus Department of Public Service, and a John Doe defendant. With leave of court, Scott subsequently amended his complaint to add the city of Columbus as a defendant. Scott alleged that on or about August 28, 2007, while walking on a sidewalk near the intersection of State Route 161 and Karl Road, he stepped on an "improperly attached" manhole cover, causing his leg to drop into the manhole. Scott alleged

that the city "negligently allowed the manhole cover to become improperly anchored where a pedestrian * * * would be likely to injure himself," and that as a proximate result, he suffered injuries.

{¶ 3} The city filed a motion to dismiss Scott's action, pursuant to Civ.R. 12(B)(6). The city argued that it was entitled to immunity pursuant to the Political Subdivision Tort Liability Act, R.C. Chapter 2744. In response, Scott argued that his claim fell within an exception to the city's statutory immunity, as set forth in R.C. 2744.02(B)(2). The trial court granted the city's motion to dismiss.

{¶ 4} Scott filed a timely notice of appeal and now asserts the following assignment of error:

The trial court erred when it granted [the city's] motion to dismiss by ruling that [Scott's] claim is barred by statutory immunity for political subdivisions.

{¶ 5} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. We review a dismissal pursuant to Civ.R. 12(B)(6) de novo. *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶ 6} When faced with a Civ.R. 12(B)(6) motion to dismiss, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. Before dismissal is warranted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle the plaintiff to relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 145, 573 N.E.2d 1063.

{¶ 7} R.C. Chapter 2744 establishes a three-tiered analysis for reviewing claims of political-subdivision immunity. *Colbert v. Cleveland,* 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7. For purposes of R.C. Chapter 2744, the functions of political subdivisions are classified as either governmental functions or proprietary functions. R.C. 2744.02(A)(1). The first tier of analysis sets forth the general rule that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Id. Next, R.C.

2744.02(B) sets forth five exceptions to the general rule. Thus, once immunity is established, it becomes necessary to determine whether any of the stated exceptions apply. *Colbert* at ¶ 8. Finally, under the third tier of analysis, if one or more of the exceptions stated in R.C. 2744.02(B)(1) through (5) apply to deny the political subdivision immunity, the political subdivision may assert one of the affirmative defenses in R.C. 2744.03 to reinstate immunity. *Colbert* at ¶ 9.

{¶ 8} In Ohio, a notice-pleading state, the plaintiff need not prove his or her case at the pleading stage. *York* at 144–145. Thus, a plaintiff need not affirmatively dispose of the immunity question altogether at the pleading stage. *Fink v. Twentieth Century Homes, Inc.*, 8th Dist. No. 94519, 2010-Ohio-5486, 2010 WL 4520482, ¶ 29. Requiring a plaintiff to affirmatively demonstrate an exception to immunity at this stage would be tantamount to requiring the plaintiff to overcome a motion for summary judgment at the pleading stage. Id. at ¶ 27. Instead, a plaintiff must merely allege a set of facts that, if proven, would plausibly allow for recovery. Id. at ¶ 29, citing *Gallo v. Westfield Natl. Ins. Co.*, 8th Dist. No. 91893, 2009-Ohio-1094, 2009 WL 625522; see also *Carr v. Armstrong* (Aug. 24, 1998), 5th Dist. No. 98CA0032, 1998 WL 549369 (affirming denial of a Civ.R. 12(B)(6) motion to dismiss when, construing the factual allegations in favor of the plaintiff, the political subdivision-defendant's activity was not "clearly governmental on the face of the complaint"); *Stevenson v. ABM, Inc.*, 9th Dist. No. 07CA0009–M, 2008-Ohio-3214, 2008 WL 2582990.

{¶ 9} The parties agree that absent an applicable exception under R.C. 2744.02(B), the city qualifies for the blanket grant of immunity provided by R.C. 2744.02(A)(1). Therefore, we turn to the question whether any of the stated exceptions apply to the facts alleged in Scott's complaint. See *Hewitt v. Columbus*, 10th Dist. No. 08AP–1087, 2009-Ohio-4486, 2009 WL 2759735, ¶ 7. Scott relies solely on the exception in R.C. 2744.02(B)(2), which states that "political subdivisions are liable for injury, death, or loss to person or property caused by the *negligent performance of acts* by their employees *with respect to proprietary functions* of the political subdivisions." (Emphasis added.) The issue here is whether Scott alleges the negligent performance of an act with respect to a proprietary function.

{¶ 10} R.C. 2744.01 provides the applicable, mutually exclusive definitions of governmental and proprietary functions. See *Smith v. Martin*, 176 Ohio App.3d 567, 2008-Ohio-2978, 892 N.E.2d 971, ¶ 16. R.C. 2744.01(C)(1) and (G)(1) set forth general definitions of governmental function and proprietary function, whereas R.C. 2744.01(C)(2) and (G)(2) offer nonexhaustive lists of specific governmental functions and proprietary functions. Under R.C. 2744.01(C)(2)(e), "the maintenance and repair of, roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, and public grounds" is a governmental function. Under R.C.

2744.01(G)(2)(d), "[t]he maintenance, destruction, operation, and upkeep of a sewer system" is a proprietary function. Scott maintains that his complaint alleges negligence by the city with respect to the maintenance of a sewer, a proprietary function, and that R.C. 2744.02(B)(2) applies to strip the city of immunity.

{¶ 11} Because our review is limited to the allegations in Scott's complaint, we now turn to those allegations. Scott alleged that the manhole cover was "improperly attached" and that the city "negligently allowed the manhole cover to become improperly anchored." Scott contends that these allegations relate to a proprietary function, whereas the city argues that the allegations relate to a governmental function. Although the trial court misstated the issue as whether the manhole cover itself functioned as a part of the sidewalk or a part of the sewer, the central issue resolves to whether the *action* for which Scott seeks to hold the city liable is part of a governmental function or part of a proprietary function. See *Burns v. Upper Arlington,* 10th Dist. No. 06AP–680, 2007-Ohio-797, 2007 WL 589111, ¶ 10, 12. Therefore, the city's entitlement to immunity depends on whether the negligent act alleged in Scott's complaint, allowing the manhole cover to become improperly anchored, relates to the maintenance of the sewer system or to the maintenance of the sidewalk. The trial court concluded that Scott's complaint alleged the negligent maintenance of the sidewalk and that the negligence, therefore, related to a governmental function, for which no exception to immunity applied.

{¶ 12} The Eighth District Court of Appeals considered an analogous factual scenario in *Tyler v. Cleveland* (1998), 129 Ohio App.3d 441, 717 N.E.2d 1175, and reversed an entry of summary judgment in favor of the city of Cleveland, holding that the city could be liable under the proprietary-function exception to immunity. The Tyler plaintiff stepped onto a manhole cover in a sidewalk and fell eight feet into the manhole, sustaining injury. Later investigation revealed that the bricks and mortar beneath the manhole cover had deteriorated, causing it to collapse. The appellate court determined that questions of fact existed whether the city, based on constructive knowledge of the sewer condition, could be liable under R.C. 2744.02(B)(2) for negligence with respect to a proprietary function.

{¶ 13} In *Burns,* this court considered a defense of political-subdivision immunity when the plaintiff had tripped over a manhole cover, which was set in the sidewalk in a manner that created a raised edge. The plaintiff alleged that the city of Upper Arlington failed to properly fit and align the manhole cover with the sidewalk and negligently failed to maintain the sidewalk in a reasonably safe condition. Like here, the plaintiff argued that R.C. 2744.02(B)(2) provided an applicable exception to immunity for proprietary functions.[1]

---

1. The *Burns* plaintiff also asserted the exceptions to immunity in R.C. 2744.02(B)(3) and (5), but both the trial court and this court held that those exceptions were inapplicable.

{¶ 14} This court defined the question in *Burns,* 2007-Ohio-797, 2007 WL 589111, at ¶ 12, as whether Upper Arlington's allegedly negligent act of aligning the manhole cover with the sidewalk was part of the maintenance of the sidewalk, and therefore a governmental function, or part of the maintenance of the sewer system, and therefore a proprietary function. The court concluded that Upper Arlington's actions with respect to the placement and alignment of the manhole cover constituted maintenance of the sidewalk, a governmental function, stating that the manhole cover was "intended to form part of the walkway for pedestrian traffic to use, and was therefore part of the sidewalk." Id. at ¶ 15. While recognizing that the manhole cover was also intended to provide access to the sewer system, we stated that "it was not, in and of itself, a part of that system." Id. We acknowledged, but distinguished, *Tyler,* stating, "[I]n that case, the plaintiff's fall into the manhole was caused by a deterioration of the portion of the sewer that supported the manhole cover, and not the manhole cover itself." Id. at ¶ 13.

{¶ 15} Since *Burns,* this court has held that a city's need to inspect and replace missing components for the safe operation of a storm-water system falls within the definition of a proprietary function. *Martin v. Gahanna,* 10th Dist. No. 06AP–1175, 2007-Ohio-2651, 2007 WL 1560283. In that case, the plaintiff stepped into an uncovered storm-sewer drain, when the sewer grate had been stolen. She alleged that the city of Gahanna was negligent for failing to inspect and for not covering the storm drain. The specific issue in *Martin,* however, differed from the issue in this case. In *Martin,* the court was not called upon to determine whether the failure to cover the storm-sewer drain fell within the governmental function of sidewalk maintenance or the proprietary function of sewer mainte- nance. Instead, the city of Gahanna argued that the alleged negligence related to a governmental function under R.C. 2744.01(C)(2)(*l*), namely the "planning or design, construction, or reconstruction of * * * a sewer system," an argument the city does not make here. The court rejected that argument and concluded that the R.C. 2744.02(B)(2) exception to immunity applied because inspection of the storm sewer and replacement of missing components were proprietary functions of the city.

{¶ 16} The city maintains that the issue in *Burns* is identical to the issue here and that *Burns* is, therefore, dispositive. Specifically, the city contends that the alleged act here—allowing the manhole cover to become improperly anchored—is indistinguishable from the alleged improper alignment of the manhole cover in *Burns* because both involve the placement of a manhole cover. We disagree. In *Burns,* the plaintiff tripped over a manhole cover protruding above the level of the sidewalk and alleged that Upper Arlington negligently failed to align the manhole cover with the sidewalk. That the protrusion was a manhole cover was,

for the most part, irrelevant, when the plaintiff was essentially alleging a failure to maintain the sidewalk. Distinguishing *Tyler*, the *Burns* court differentiated negligence relating to the manhole cover itself, as in *Burns*, from negligence relating to the underlying portion of the sewer supporting the manhole cover. In this case, it is reasonable to infer from Scott's allegation that the city negligently "allowed the manhole cover to become improperly anchored" that he is alleging negligence with respect to the city's maintenance of the underlying support for the manhole cover. Accordingly, we conclude that this case is more akin to *Tyler*, in which the support underlying the manhole cover had deteriorated and the plaintiff fell through the manhole, than *Burns*.

{¶ 17} Although *Tyler* suggests that the plaintiff there filed suit after obtaining the results of an investigation revealing deterioration underneath the manhole cover, the specificity of the allegations in the complaint is not evident from that decision. It is important to reemphasize, though, that unlike in *Tyler, Burns*, and *Martin*, the trial court here was reviewing a Civ.R. 12(B)(6) motion, which merely tests the sufficiency of the complaint, rather than a motion for summary judgment. The trial court's review, like our review here, was constrained to the allegations in Scott's complaint. Scott does not specify in his complaint whether the activity upon which he bases his claim was part of a governmental or proprietary function, and he does not specifically allege the cause for the collapse of the manhole cover. Nevertheless, whether a function is proprietary or governmental often depends on the particular facts of the case. *Beauford v. Columbus* (Oct. 13, 1981), 10th Dist. No. 81AP–471, 1981 WL 3530, citing *Hyde v. Lakewood* (1965), 2 Ohio St.2d 155, 31 O.O.2d 313, 207 N.E.2d 547, paragraph two of the syllabus. When, as here, the activity alleged in a complaint is not clearly a governmental function based on the face of the complaint, a Civ.R. 12(B)(6) motion to dismiss, on the basis of R.C. Chapter 2744 immunity, must be denied. See *Carr; Stevenson*, 2008-Ohio-3214, 2008 WL 2582990.

{¶ 18} Whether Scott will ultimately prove he is entitled to relief remains to be seen through the discovery process. See *Fink*, 2010-Ohio-5486, 2010 WL 4520482, at ¶ 38, citing *Parsons v. Greater Cleveland Regional Transit Auth.*, 8th Dist. No. 93523, 2010-Ohio-266, 2010 WL 323420, ¶ 15. Indeed, discovery may reveal no evidence that the city acted negligently with respect to the maintenance of the sewer, in which case, as Scott admitted at oral argument, the city may move for summary judgment, again arguing that it is entitled to immunity. Based solely on the allegations of Scott's complaint, and viewing those allegations and all reasonable inferences from them in the light most favorable to Scott, however, it is not beyond doubt that Scott could prove a set of facts, consistent with his complaint, establishing liability on the part of the city for negligence with respect to a proprietary function. That is all that is required at this stage of the

proceedings. Accordingly, the trial court erred by granting the city's motion to dismiss.

{¶ 19} For these reasons, we sustain Scott's assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand this matter to that court for further proceedings consistent with this decision and the law.

Judgment reversed
and cause remanded.

BROWN and CONNOR, JJ., concur.