[Cite as *Corsaro & Assocs. Co., L.P.A. v. Weston Hurd, L.L.P.*, 2015-Ohio-423.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101534**

**CORSARO & ASSOCIATES CO., L.P.A.**

PLAINTIFF-APPELLANT

vs.

**WESTON HURD, L.L.P., ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-823689

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 5, 2015

**ATTORNEY FOR APPELLANT**

Christian M. Bates
Corsaro & Associates Co., L.P.A.
28039 Clemens Road
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEES**

Ronald A. Rispo
Angela G. Carlin
Shawn W. Maestle
Martha Allee
Weston Hurd, L.L.P.
The Tower at Erieview
1301 East Ninth St., Suite 1900
Cleveland, Ohio 44114-1862

EILEEN T. GALLAGHER, J.:

{¶1} Plaintiff-appellant, Corsaro & Associates Co., L.P.A. ("Corsaro"), appeals the trial court's judgment dismissing its complaint with prejudice. We find merit to the appeal and reverse.

{¶2} In December 2005, someone from the Cleveland Clinic Hospice Program contacted Claire Long ("Long"), an attorney at Corsaro, to prepare a will for a terminally ill patient named Albert Franz ("Franz"). Per Franz's instructions, Long prepared the will to bequeath the majority of Franz's assets to his neighbors Branko and Robin Prodanovic. In January 2006, Franz passed away, and Branko Prodanovic ("Prodanovic") was appointed the executor of Franz's estate. After Franz's death, Prodanovic discovered that Franz had undisclosed wealth in excess of $1,000,000. Prodanovic hired Long and Corsaro to administer Franz's will.

{¶3} Prodanovic was a foreign citizen, held no assets, and had recently filed for personal bankruptcy. Under these circumstances, Prodanovic was unable to post the bond necessary to serve as executor of Franz's estate. Therefore, Long obtained leave from the probate court to make a deposit in lieu of posting a bond. Prodanovic deposited funds in a custodial savings account at FirstMerit Bank. Franz's relatives filed a will contest and named the Prodanovics as defendants. Appellees Weston Hurd L.L.P., Angela Carlin, and Shawn Maestle (collectively "appellees") defended the Prodanovics in the will contest, and in January 2008, appellees took over the administration of Franz's estate. In February 2009, appellees filed a legal malpractice action against Corsaro and Long alleging that they negligently administered Franz's estate by failing to deposit the bond money into an account bearing a higher interest rate.

**{¶4}** In March 2011, Corsaro and Long filed a third-party complaint against appellees in the legal malpractice suit. Corsaro asserted claims for contribution, alleging that appellees were negligent in their subsequent handling of Franz's estate, and that their negligence contributed to any damages the Prodanovics may have suffered.

**{¶5}** Appellees filed a motion to dismiss the third-party complaint, but the court never ruled on it. From June 2011 until June 2013, the case remained dormant on the trial court's docket, and appellees did nothing to prosecute the malpractice action. Following two years of inactivity, Corsaro requested that the court set a pretrial. Corsaro also contacted appellees to schedule Prodanovic's deposition. In November 2013, two days before the scheduled pretrial, appellees dismissed the legal malpractice action because they decided it was not cost effective.

**{¶6}** On March 14, 2014, Corsaro filed this action and alleged a single count of abuse of process. In its complaint, Corsaro alleged that although appellees determined sometime after June 2011 that they would no longer pursue the underlying legal malpractice action, they did not dismiss the action and allowed the case to remain on the court's active docket for over two years. Corsaro further alleged that while the legal malpractice action may have been filed in proper form and with probable cause, appellees abused the process by not dismissing the action once it determined it would no longer pursue it. Finally, Corsaro alleged that appellees purposely decided not to dismiss the malpractice action in order to harm Corsaro's goodwill and reputation and to solicit Corsaro's employees and clients.

**{¶7}** Appellees filed a motion to dismiss Corsaro's complaint on grounds that it was barred by the applicable statute of limitations. The trial court granted the motion. Corsaro now appeals and raises one assignment of error.

**{¶8}** In the sole assignment of error, Corsaro contends the trial court erred in granting appellees' motion to dismiss. Corsaro argues the trial court erred in determining, from the face of the complaint, that its abuse of process claim was barred by the statute of limitations.

### Standard of Review

**{¶9}** We review an order dismissing a complaint for failure to state a claim for relief de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. *Herakovic v. Catholic Diocese of Cleveland*, 8th Dist. Cuyahoga No. 85467, 2005-Ohio-5985, ¶ 13.

**{¶10}** When reviewing a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 6. However, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 324, 544 N.E.2d 639 (1989). To prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court granting relief. *O'Brien v. Univ. Comm. Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

### Statute of Limitations

**{¶11}** The statute of limitations is an affirmative defense and is generally not properly raised in a Civ.R. 12(B)(6) motion to dismiss. *Lisboa v. Tramer*, 8th Dist. Cuyahoga No. 97526, 2012-Ohio-1549, ¶ 13, quoting *Ryan v. Ambrosio*, 8th Dist. Cuyahoga No. 91036, 2008-Ohio-6646, ¶ 20. The Ohio Civil Rules require "notice pleading" rather than "fact pleading," and the rules generally do not require a plaintiff to plead operative facts with

particularity. *Bush v. Cleveland Mun. School Dist.*, 8th Dist. Cuyahoga No. 99612, 2013-Ohio-5420, ¶ 5. Moreover, the civil rules do not require plaintiffs to plead the facts necessary to avoid the applicability of an affirmative defense. *Luburgh v. Bishop*, 2d Dist. Montgomery No. 25818, 2014-Ohio-236, ¶ 12, citing *Paul v. World Metals, Inc.*, 9th Dist. Summit No. 20130, 2001 Ohio App. LEXIS 718 (Feb. 28, 2001)(holding that Civ.R. 8(C) does not require the plaintiff to plead the absence of the affirmative defense of the statute of limitations in the complaint as an element of the tort action); *Scott v. Columbus Dept. of Pub. Utils.*, 192 Ohio App.3d 465, 2011-Ohio-677, 949 N.E.2d 552, ¶ 8 (10th Dist.) (holding that plaintiffs need not plead exceptions to the immunity affirmative defense in the complaint).

**{¶12}** Civ.R. 8(A)(1) requires that a complaint include only (1) a short and plain statement showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled. *Id*. Notwithstanding the liberal pleading requirements of Civ.R. 8, the Ohio Supreme Court has held that a court may dismiss a complaint pursuant to Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations where the complaint, on its face, conclusively indicates that the action is time barred. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11; *Mills v. Whitehouse Trucking Co.,* 40 Ohio St.2d 55, 58, 320 N.E.2d 668 (1974).

### Abuse of Process

**{¶13}** Abuse of process is governed by a four-year statute of limitations. R.C. 2305.09. Appellees argued in their motion to dismiss that Corsaro's cause of action accrued, and the statute of limitation started to run on February 12, 2009, when appellees filed the legal malpractice action against Corsaro on Prodanovic's behalf. According to appellees' argument,

the statute of limitations for abuse of process would have expired on February 12, 2013, and Corsaro did not file the complaint initiating this action until March 14, 2014.

{¶14} However, abuse of process claims are "'cases in which legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed.'" *Yaklevich v. Kemp, Schaeffer, & Rowe Co. L.P.A.*, 68 Ohio St.3d 294, 300, 626 N.E.2d 115 (1994), quoting *Prosser & Keeton on the Law of Torts,* Section 121, 897 (5th Ed.1984).

{¶15} To prevail on an abuse of process claim, the plaintiff must prove that (1) a legal proceeding has been set in motion in proper form and with probable cause, (2) the proceeding was perverted to attempt to accomplish an ulterior purpose for which it was not designed, and (3) direct damage has resulted from the wrongful use of process. *Id*. at syllabus. Because an abuse of process claim arises from perverted actions taken during the litigation sometime after the complaint was filed, the cause of action generally does not accrue on the day the complaint was filed. Rather, an abuse of process claim accrues on the date of the allegedly tortious conduct. *Read v. Fairview Park*, 146 Ohio App.3d 15, 19, 764 N.E.2d 1079 (8th Dist.2001).

{¶16} Corsaro's complaint states, in part:

> Around the time Defendants filed the underlying Complaint on behalf of Branko Prodanovic, Defendant Weston Hurd  was actively soliciting a number of Corsaro's attorneys to work for Weston Hurd,   and were successful in hiring two (2) Corsaro attorneys. * * * In connection with those efforts, Weston Hurd was using the solicited employees to further solicit Corsaro clients to become Weston Hurd clients.

Appellees contend that, according to this paragraph, the alleged misconduct occurred when the complaint was filed. However, the phrase "around the time" is vague and does not mean that the actions alleged in the paragraph had occurred when the complaint was filed. Further, not all

the actions described in the paragraph occurred at once. The complaint does not provide any specific dates as to when the solicitation started, when the attorneys left Corsaro to work at Weston Hurd, or when the solicitation of Corsaro's clients occurred.

{¶17} In a later paragraph, Corsaro's complaint alleges that appellees' failure to timely dismiss the underlying action constituted the misconduct element of the abuse of process claim. Corsaro claims appellees' decision not to dismiss the malpractice action was intended to "undermine and besmirch the reputation and goodwill of Corsaro and its attorneys in connection with Weston Hurd's attempt to solicit Corsaro's attorneys and clients." The failure to timely dismiss the underlying action occurred sometime after June 2011. As previously stated, Corsaro filed the complaint initiating this action on March 14, 2014, less than three years from the date of the specifically alleged misconduct. Therefore, the complaint does not conclusively indicate, on its face, that Corsaro failed to file this abuse of process action within the applicable four-year statute of limitations. Accordingly, the trial court erred in granting appellees' motion to dismiss.

{¶18} The sole assignment of error is sustained.

{¶19} Judgment reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR